6 So.2d 457

## MITCHELL v. STATE.

### 6 Div. 891.

Court of Appeals of Alabama.

Feb. 17, 1942.

G. J. Prosch, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The transcript in this proceeding as first submitted here was defective as pointed out in brief of appellee, and upon motion of appellant the submission as of December 18, 1941, was set aside and certiorari granted to Clerk of the original court, on January 5, 1942, directing said Clerk to forward to this court a certified and corrected transcript of these proceedings. In response to said writ a strict compliance was had and the cause was again submitted in this court on January 22, 1942.

This transcript discloses that the appellant seeks to review the proceedings had before the Honorable John C. Morrow, one of the Circuit Judges of the Tenth Judicial Circuit, wherein upon appellant's petition for a writ of habeas corpus, the following order or judgment was made and entered:

"Nov. 1st, 1941 this cause coming on to be heard by the Court on the Petition and Writ, and the Answer filed thereto, together with the evidence introduced, and the Court being of the opinion that said Petition should be denied, it is therefore ordered by the Court, and it is the judgment of the Court, that said Petition be and the same is hereby denied, and that said Petitioner be delivered to the custody of the Chief of Police of the City of Birmingham, Alabama; It is further ordered and adjudged by the Court that the Chief of Police of the City of Birmingham, Alabama, deliver said Petitioner to the Agent of the State of Michigan.

"The petitioner thereupon, in open Court, gave notice of Appeal to the Court of Appeals of Alabama, and said judgment is hereby suspended, pending action of said Court of Appeals of Alabama. It is further ordered by the Court that the Appeal Bond in this cause be and the same is

382

hereby fixed at $500.00, conditioned as required by law."

The proceedings as shown by the record and upon which the foregoing "Judgment of the Court," was predicated, consists (1) of the "Petition for writ of Habeas Corpus," which, omitting formal parts, is in words and figures as follows:

"Your petitioner, G. J. Prosch, respectfully represents that Leburn D. Mitchell, in whose behalf this application is made, is being detained in the City Jail, Birmingham, Jefferson County, Alabama, and held there by Chief of Police, T. A. Riley and his agents.

"Petitioner further avers that such detention of Leburn D. Mitchell is illegal, unlawful and without his consent.

"Wherefore, your Petitioner prays that a writ of habeas corpus be issued immediately and directed to Chief T. A. Riley, his agents or whosoever has the custody of the said Leburn D. Mitchell, commanding him or his agents to bring the said body of Leburn D. Mitchell before your Honor at a time and place by you appointed together with the cause for the detention of the said Leburn D. Mitchell.

"Your petitioner further avers that the statements herein contained are true to the best of his knowledge, information and belief.

"J. G. Prosch, Atty.
"for Mitchell

"Subscribed and sworn to before me this the 28 day of Oct. 1941
"G. C. Boner
"Notary Public."

(2) The "writ of Habeas Corpus," in words and figures, is as follows:

"To the Chief of Police, City of Birmingham, Jefferson County, Alabama:

"You are hereby commanded to have the body of Leburn D. Mitchell, alleged to be detained by you, by whatever name said Leburn D. Mitchell, is called or charged, with the cause of such detention before John C. Morrow, Judge of the Circuit Court, on Oct. 30, 1941 at 10 A. M. to do and receive what shall be then and there considered concerning the said Leburn D. Mitchell.

"Dated, this the 28 day of Oct. 1941.
"John C. Morrow
"Judge of the Circuit Court of the Tenth Judicial Circuit of Alabama."

(3) Return in response to said writ, as follows:

"Comes T. A. Riley, as Chief of Police of the City of Birmingham and in response to the writ issued herein produces in court the body of Liebrun Mitchell, together with the cause of his detention, which is, to-wit: a warrant issued by the Governor of the State of Alabama directing the arrest of the said Liebrun Mitchell and his delivery to Joseph Devriendt, duly authorized agent of the State of Michigan, on a charge of removing and concealing contract property, a copy of which Governor's Warrant is attached hereto and made a part thereof.

"The premises considered, Respondent, T. A. Riley, as Chief of Police of the City of Birmingham, moves the Court to dismiss the petition and writ issued herein and return the said Liebrun Mitchell to his custody as Chief of Police to be delivered to the Agent of the State of Michigan.

"In witness whereof I have hereunto set my hand, this the 31st day of October, 1941.

"Trion A. Riley
"Chief of Police of the City of Birmingham."

(4) Warrant of the Governor of the State of Alabama, as follows:

"In the Name and by the Authority of the State of Alabama

"I, Frank M. Dixon, Governor of the State

"To any Sheriff, Coroner, Constable or other Officer authorized by Law to make Arrests send Greeting:

"Whereas, His Excellency, Frank Murphy, Lieutenant Governor and Acting Governor in the Absence of the Governor, Governor of the State of Michigan, by requisition dated the 28th day of October 1941 has demanded of me as Governor of the State of Alabama, the surrender of Liebrun Mitchell who, it appears, is charged by Complaint and Warrant, in the county of Oakland in said State, with the crime of Removing and Concealing Contract Property (a duly certified copy of which Complaint and Warrant accompanies said requisition) and it appearing that said Liebrun Mitchell has fled from justice in said State and taken refuge in the State of Alabama.

"Now, therefore, I, Frank M. Dixon, Governor of the State of Alabama, in obe-

dience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said Liebrun Mitchell if He be found within the limits of this State, and to deliver Him into the custody of Joseph Devriendt, the duly authorized Agent of the State of Michigan.

"And of the execution of this warrant you will make due return to me.

"In testimony whereof, I have hereunto set my hand and caused the great Seal of the State to be affixed at the Capitol, in the City of Montgomery, this Thirty-First day of October in the year of our Lord, One Thousand Nine Hundred and Forty-One and in the One Hundred and Sixty-Sixth year of American Independence.

{ALABAMA GREAT SEAL}

"Frank M. Dixon
"Governor of Alabama

"By the Governor
"John Brandon
"Secretary of State".

Upon the hearing of this proceeding the transcript shows, that the State offered in evidence, the foregoing warrant of the Governor of the State of Alabama, authorizing the arrest of the petitioner, and "rested its case."

Thereupon the petitioner offered in evidence (1) the requisition of the Governor of the State of Michigan, which is in words and figures as follows:

"To the Governor of the State of Alabama.

"Whereas, It appears by Complaint and Warrant which are hereunto annexed, and which I certify to be authentic and duly authenticated, in accordance with the Laws of this State, that Liebrun Mitchell stands charged with the crime of Removing and Concealing Contract Property which I certify to be a crime under the Laws of this State, committed in the County of Oakland in this State, and it having been represented to me that he has fled from the justice of this State and may have taken refuge in the State of Alabama.

"Now Therefore, Pursuant to the Provisions of the Constitution and the Laws of the United States, in such case made and provided, I do hereby require that the said Liebrun Mitchell be apprehended and delivered to Joseph Devriendt who is hereby authorized to receive and convey him to the State of Michigan, there to be dealt with according to law. The State to be liable for no expense incurred in the pursuit and arrest of said fugitive—

"In Witness Whereof, I have hereunto set my hand and caused the Great Seal of the State to be affixed at Lansing, this 28th day of October in the year of our Lord one thousand nine Hundred and forty one and of the Independence of the United States of America the one hundred and sixty sixth.

"(Signed)   Frank Murphy
"Lieutenant Governor and Acting Governor in the absence of the Governor from the State.

"By the Governor:
"(Signed)   Harry F. Kelly
"Secretary of State
"Filed in open court Nov. 1 1941.
"O. L. Andrews, Clerk Circuit Court
"By—B. H. Cooper, D. C."

Then follows the application for requisition made and filed by Charles L. Wilson, Prosecuting Attorney of Oakland County, Michigan, regular in form and substance, wherein it is alleged that the petitioner (naming him) was charged in due form of law with the crime of "Removing and Concealing Contract Property."

The original complaint, or affidavit, upon which this whole proceeding is based is in words and figures as follows:

"The State of Michigan }ss
County of Oakland }

"The complaint, on Oath and in Writing of Hugh Arms, taken and made before me, Arno L. Hulet a Justice of the Peace of the twp of Bloomfield, in the said County, upon the 18th day of October A. D. 1941 who being duly sworn, says that heretofore, to-wit: on or about 12th day of September, A. D. 1941, at the City of South Lyons, and in the County aforesaid, One Liebrun Mitchell did embezzle, fraudulently remove & conceal personal property of the value of more than $50. to-wit a 1936 Oldsmobile 2 Door Sedan motor No. F581813 License No. DE8203 which property is subject to chattel mortgage or contract to purchase not yet fulfilled with intent to injure or defraud Hugh Arms contrary to section 177 Act 328 of the Public Act of 1931, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan, Wherefore the said Hugh Arms pray

that the said Liebrun Mitchell may be apprehended, and held to answer this complaint, and further dealt with in relation to the same as law and justice may require.

"Taken, subscribed and sworn to before me, the day and year first above written. }Hugh Arms
"Arno L. Hulet
"Justice of the Peace

"I hereby certify that the above is a true copy of the criminal complaint in the case of People vs. Liebrun Mitchell, on file in my Court.

"Arno L. Hulet
"Arno L. Hulet, Justice of the Peace."

A warrant of arrest was issued upon the foregoing complaint or affidavit.

All of above matters were in due form and substance and each of said instruments was duly and properly certified as the law requires. No question as to this was raised in the proceedings below, or here.

As we see it, there is but one point of decision presented for our consideration on this appeal, and this has reference to the insistence of petitioner to the effect that there is a fatal variance between the designation or description of the crime with which appellant was charged in the original affidavit and the Governor's warrant issued upon the requisition from that State, and further, that the charge as contained (1) in the "application for requisition" and (2) in the Requisition of the Governor of Michigan, also (3) in the warrant of arrest issued by the Governor charges no offense known to the law in the State of Michigan or in the State of Alabama. In other words, the appellant insists that in the original affidavit or complaint in this case (which was introduced by *appellant* on the hearing below), he was charged with the offense that "he did embezzle, fraudulently remove and conceal personal property of the value of more than $50.00, towit, a 1936 Oldsmobile 2 door sedan, motor No. F581813, License No. De8203 which property is subject to chattel mortgage or contract to purchase not yet fulfilled with intent to injure or defraud Hugh Arms, contrary to section 177 Act 328 of the Public Act of 1931, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

It appears from the record, that in the "Prosecuting Attorney's application for requisition"; and also, in the requisition of the Governor of the State of Michigan, as well as in the warrant of arrest issued by the Governor of Alabama, the offense alleged to have been committed by the petitioner, was in each of said documents described as follows: "On a charge of removing and concealing contract property."

The appellate courts of this State have many times held and declared, as settled law, "that a prima facie case, that the prisoner is legally held, is made out, when the return to the writ of habeas corpus shows: (1) 'A demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled; (2) a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; (3) the warrant of the governor authorizing the arrest.'"

In Barriere v. State, 142 Ala. 72, 39 So. 55, 57, the court said: "Although the return makes out a prima facie case, and the prisoner cannot require the courts of the state in which he is arrested to inquire into the merits of the crime charged, he is permitted under the law to show that he is not a fugitive, and can show that the process is void. And if the indictment or affidavit charges no crime under the laws of the demanding state, he should be permitted to establish that fact."

The warrant of arrest of the Governor of Alabama (above quoted), standing alone, and upon which the State rested its case in the proceedings below, would probably have been held deficient; but as will be noted, said warrant of arrest after designating the alleged crime with which the petitioner was originally charged, in words of common parlance, contained further statement, viz.: "A duly certified copy of which complaint and warrant accompanies said requisition," etc. As hereinabove stated, the petitioner offered in evidence not only the application for requisition to the Governor of the State of Michigan, and (2) the requisition of said Governor to the Governor of this State, and (3) a copy of the original complaint

and affidavit upon which the prosecution was begun—all of which were duly certified and properly authenticated. This documentary evidence is transcribed in the record before us, and of necessity, we are under the duty to consider all this without reference to which party introduced said written testimony.

■ Upon examination of the copy of the original complaint and affidavit we find, by adverting to the Public Acts of Michigan, Session 1931, No. 328, Section 177, under which said complaint and affidavit were drawn, and upon which said prosecution is rested, that said complaint and affidavit are proper in form and substance, and clearly and correctly charges the accused with the offense denounced by said act, supra.

It follows, therefore, we perforce, must hold, that the requisition for the prisoner by the Governor of Michigan, on the Governor of Alabama, and the extradition process by the latter, were proper, and further, that the denial of the writ of habeas corpus, by the judge of the circuit court of Jefferson County was free from error.

Affirmed.