85 So.2d 155

**Ronald YOUNG**

v.

**STATE.**

8 Div. 687.

Court of Appeals of Alabama.

Jan. 31, 1956.

Malone & Malone, Athens, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. G. Kilgore, Jr., Jasper, of counsel, for the State.

BONE, Judge.

Petitioner was in custody of the Sheriff of Limestone County under arrest by a rendition warrant issued by the Governor of the State of Alabama. Petition for writ of habeas corpus was filed before Honorable D. L. Rosenau, Jr., Judge of the Limestone County Court, and denied; hence this appeal.

No oral evidence was presented by the petitioner nor the State. The petitioner did not favor us with a brief in this matter.

The State rested after offering in evidence the sheriff's return to the writ and the original warrant of arrest issued by the Governor of the State of Alabama upon requisition of the Governor of Tennessee. This warrant of arrest was for the petitioner, Ronald Young, who was charged by affidavit and warrant in Maury County, Tennessee, with the offense of grand larceny.

Attorney for the petitioner then demanded all allied papers in the possession of the solicitor and introduced them into evidence.

The rule is well settled in our State that the prerequisites, establishing a prima facie case for the legal detention of the prisoner, have been complied with when the return to the writ of habeas corpus shows: (1) a demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled, (2) a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive making the demand, and (3) the warrant of the Governor authorizing the arrest. State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Mitchell v. State, 30 Ala.App. 381, 6 So.2d 457, and other cases cited.

The affidavit and warrant being properly authenticated in the case at bar, the petitioner was under legal detention.

We find no reversible errors in the rulings below. The judgment is ordered affirmed.

Affirmed.