(89 South. 828)

## BARTON v. STATE.   (6 Div. 838.)

(Court of Appeals of Alabama.   May 17, 1921.)

**1. Habeas corpus ⚖⇒94—Jurisdictional matter is not proper subject of inquiry.**

On habeas corpus by one sought to be extradited on charge of kidnapping his own child, his claim that he was illegally restrained of his liberty because the court issuing the warrant had exceeded its jurisdiction as to the subject-matter, place, or person was not a proper subject of inquiry.

**2. Habeas corpus ⚖⇒96—Defective process not proper subject of inquiry.**

On habeas corpus by one sought to be extradited on charge of kidnapping his own child, his claim that the process by which he was held was void because of defects in the matters therein contained and in the substance thereof as required by law, and that process was issued in a case and circumstances not allowed by law and was not authorized by any judgment, order, decree, or any provision of the law, was not a proper subject of inquiry.

**3. Habeas corpus ⚖⇒92(1)—Guilt or innocence of accused not material.**

In proceedings on habeas corpus by one sought to be extradited on charge of kidnapping his own child, the guilt or innocence of petitioner could not be considered.

**4. Habeas corpus ⚖⇒93—Merits of case cannot be considered.**

On habeas corpus by one sought to be extradited on charge of kidnapping his own child, the claim that petitioner's child had never been legally awarded to the custody of any other person as against his parental rights to the child's custody could not be considered.

Appeal from Circuit Court, Jefferson County; D. A. Greene, Judge.

A. B. Barton brings habeas corpus for discharge from custody and an order from the Governor of Alabama upon requisition issued by the Governor of Louisiana on a charge of kidnapping in that state, which is asserted to be a felony. From an order denying the writ, petitioner appeals. Affirmed.

The petition alleges that petitioner is illegally restrained of his liberty because the court issuing the warrant had exceeded its jurisdiction as to the subject-matter, place, or person. The process by which your petitioner is held is void in consequence of the defects in the matters therein contained and in the substance thereof as required by law. The process was issued in a case and under circumstances not allowed by law. The process is not authorized by any judgment, order, decree, or any provision of the law. The petitioner is not guilty as charged. The petitioner is held on a charge of kidnapping, which said charge was preferred by reason of his alleged taking with him his own child, a minor of tender years, from the state of Louisiana; that said child has never been legally awarded to the custody of any other person as against the parental rights of the said A. B. Barton to the custody of said child.

B. M. Allen and J. S. McLendon, both of Birmingham, for appellant.

The petitioner was entitled to his discharge. 142 Ala. 72, 39 South. 55; 82 S. E. 376; 36 Neb. 491, 54 N. W. 826. The common law prevails in Louisiana. 22 La. Ann. 77; 12 C. J. 195; 179 Mo. App. 198, 166 S. W.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1113. A warrant for the father for kidnapping his own child is a mere nullity, where it is not alleged or shown that he has parted with his parental right to his custody. 94 Ga. 257, 21 S. E. 515; 232 Mo. 531, 134 S. W. 529, 32 L. R. A. (N. S.) 846.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The state made out prima facie case. 16 Ala. App. 397, 78 South. 313; U. S. Compiled Statutes 1916, p. 12410; 42 Neb. 772, 60 N. W. 1037, 47 Am. St. Rep. 730. This case is ruled by section 6940. Code 1907, and the case reported in 17 Ala. App. 405, 85 South. 590.

SAMFORD, J. [1-4] This case is determined by the following authorities: Code 1907, § 6940; Ex parte Forbes, 17 Ala. App. 405, 85 South. 590; Godwin v. State, 16 Ala. App. 397, 78 South. 313.

The matters and things sought to be set up by the petitioner may be available to him on the trial of the case in the state of Louisiana, but not in this inquiry.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes