33 So.2d 750

## CLAYTON v. STATE.

### 4 Div. 49.

Court of Appeals of Alabama.

Feb. 3, 1948.

A. L. Patterson, of Phenix City, for appellant.

372

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

This is an appeal from the judgment of the circuit court in which petitioner was denied his discharge on habeas corpus.

The cause below was based on extradition proceedings.

It is insisted that the warrant of the Governor is not sufficient authority to hold petitioner because of the absence of a certified copy of the indictment charging the petitioner in the demanding state.

The Governor's warrant, which was made a part of the respondent's answer to the petition, contains this paragraph:

"Whereas, His Excellency, M. E. Thompson, Acting Governor of the State of Georgia, by requisition dated the 16th day of October, 1947 has demanded of me, as Governor of the State of Alabama, the surrender of Ralph E. Clayton who, it appears, is charged by Indictment, in the County of Muscogee in said State, with the crime of Abandonment (a duly certified copy of which Indictment accompanies said requisition) and it appearing that said Ralph E. Clayton has fled from justice in said State and taken refuge in the State of Alabama."

This identical question was decided, adversely to the claim made here, in State v. Smith, 32 Ala.App. 651, 29 So.2d 438.

The rule permitted the petitioner to prove that he was not, in fact, a fugitive from justice. Ex parte State of Alabama (In re Mohr), 73 Ala. 503, 49 Am.Rep. 63; Godwin v. State, 16 Ala.App. 397, 78 So. 313. The slight evidence in this aspect is not sufficient to overcome the prima facie case of his legal restraint.

In the main the position here taken, so far as the evidence discloses, is based on the contention that the petitioner is not guilty of the crime of abandonment, and as a specific defense he introduced much evidence which tended to prove that he was not physically able to support his dependents who lived in Georgia. Whether or not the prisoner is guilty of the basic crime is referable to the courts in the demanding state and becomes a matter of immaterial concern in a habeas corpus proceeding in the asylum state, except in so far as it may relate to proof of the identity of the person charged and in determining whether or not he is a fugitive from justice. Ex parte State of Alabama (In re Mohr), supra; State v. Parrish, 242 Ala. 7, 5 So.2d 828; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Barton v. State, 18 Ala.App. 158, 89 So. 828; Title 15, Sec. 67, Code 1940.

The judgment of the court below is ordered affirmed.

Affirmed.