DeCARLO, Judge.
This is an appeal from an order denying a petition for writ of habeas corpus by the circuit court of Jefferson County, in which the court refused to discharge the appellant.
Jeryl W. Goins was arrested and taken into custody by an officer of the law under a rendition warrant issued by the governor of the State of Alabama, upon a requisition and warrant of extradition from the governor of the State of Ohio. From aught that appears the offense for which the appellant is charged concerns possession of a quantity of heroin in the State of Ohio in April of 1973.
Counsel for appellant states that the “basis” of appellant’s petition for habeas corpus is:
“He was not present in the State of Ohio on April 20th, 1973 or during any part of 1973. That he was here in this State. [Alabama].”
The pertinent parts of the petitioner’s allegations are as follows:
“Comes your Petitioner, Jeryl W. Goins, who is a resident citizen of Jefferson County, Alabama, and respectfully shows unto your Honor as follows:
“1. That Petitioner is now illegally restrained of his liberty and imprisoned in the Jefferson County Jail by Sheriff Melvin Bailey, and the alleged cause of such detention is a Governor’s Warrant purporting to serve as authority for his extradition to Ohio, but which is in reality void and illegal in that:
*998 “A. It is no more than an attempt to collect a debt in contravention of the United States and Alabama Constitutions.
“B. Your Petitioner was not present in the State of Ohio at the time the alleged offense was committed.
“Your Petitioner prays that a Writ of Habeas Corpus be issued, directed to said Melvin Bailey, Sheriff for Jefferson County, Alabama, commanding him to bring the body of your Petitioner before your Honor at the time and place to be by you appointed, together with the cause of Petitioner’s detention. . . .” [Emphasis added.]
The petitioner, testifying in his own behalf, stated that he was not in the State of Ohio at the time of the alleged offense and said that he was working in Alabama. Appellant produced other testimony from his father-in-law, his wife, one of his employers, and nephew of the employer, all of whom stated that he was in Alabama during April of 1973.
The State presented no evidence on the issue of the whereabouts of appellant in 1973, nor did they present any evidence on the issue of the identity of the person named in the extradition warrant.
We observe that the appellant does not deny the charge for which he was being extradited. The only issue, therefore, concerns appellant’s alibi testimony. On the basis of the evidence presented at the hearing, the court refused to discharge the petitioner. The evidence presented by the appellant went to the merits of the alleged offense on the issue of alibi.
Although it may be said that appellant indirectly raised the issue of identity, it was not disputed that petitioner is the person for whom the governor of the demanding State has made requisition and that he is the person named in the warrant from the governor of the sovereign State of Alabama.
Under these facts, we are not prepared to say that the court committed reversible error in denying the petition. Alibi testimony is evidence of a defense to the crime charged and it is therefore an issue involving the merits of the ease. People v. Conlin, 15 Misc. 303, 36 N.Y.S. 888; People ex rel. Steele v. Mulrooney, 139 Misc. 525, 248 N.Y.S. 520; Ex parte Shoemaker, 25 Cal.App. 551, 144 P. 985.
It has been repeatedly held, in determining the question of extradition, that consideration of the charge upon its merits is immaterial to the court of the asylum state. Clayton v. State, 33 Ala.App. 371, 33 So.2d 750; In Re Baker, 310 Mass. 724, 39 N.E.2d 762; Bishop v. Jones, 207 Miss. 423, 42 So.2d 421. Appellant does not deny that the rendition warrant by the State of Alabama and its supporting papers were in proper form. The question of identity was not specifically raised in the case at bar. In Re Baker, supra.
Under the circumstances, we find no reversible error in the ruling below and the judgment is affirmed.
AFFIRMED.
All the Judges concur.