8 So.2d 216

**STATE v. SHELTON.**

**8 Div. 267.**

Court of Appeals of Alabama.

April 14, 1942.

Thos. S. Lawson, Atty. Gen., Geo. C. Johnson, Co. Sol., of Athens, Paul Bumpus, of Columbia Tenn., and Chas. T. Houston, of Nashville, Tenn., for appellant.

J. H. McCoy and Thos. S. Woodroof, both of Athens, for appellee.

SIMPSON, Judge.

Petitioner was in custody of the Sheriff of Limestone County under arrest by a warrant of extradition from the Governor of Alabama, and petitioned for writ of habeas corpus.

The Judge of Probate of said county entertained the petition and, upon consideration of the cause, discharged the prisoner upon the theory that the State had failed to make out a prima facie case.

The State has appealed.

The warrant of extradition issued by the Governor of Alabama (omitting formal parts) is:

"Whereas, His Excellency, Prentice Cooper, Governor of the State of Tennessee, by requisition dated the 26th day of November, 1941, has demanded of me, as Governor of the State of Alabama, the surrender of Floyd Edward Shelton, who, it appears, is charged by Indictment, In the county of Giles in said State, with the crime of Arson (a duly certified copy of which Indictment accompanies said requisition) and it appearing that said Floyd Edward Shelton has fled from justice in said State and taken refuge in the State of Alabama.

"Now, Therefore, I, Frank M. Dixon, Governor of the State of Alabama in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said Floyd Edward Shelton If He be found within the limits of this State, and to deliver Him into the custody of Gordon Topp the duly authorized Agent of the State of Tennessee.

"And of the execution of this warrant you will make due return to me."

One of the grounds upon which the trial judge based his order discharging the prisoner was that the Governor's warrant failed to show that the accused "was present in the State of Tennessee when the alleged crime was alleged to have been committed."

The Code 1940, Title 15, § 52, does provide that the papers must show, among other things, "that the accused was present in the demanding state at the time of the commission of the alleged crime." But the authorities are definite—and the rule has been recently reaffirmed by both of

our appellate courts—that the prerequisites, establishing a prima facie case for the legal detention of the prisoner, have been complied with when the return to the writ of habeas corpus shows: "(1) 'A demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled; (2) a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; (3) the warrant of. the governor authorizing the arrest.' " Mitchell v. State, ante, p. 381, 6 So.2d 457, 460, and cases cited; State v. Parrish, 242 Ala. 7, 5 So.2d 828, 835, and cases cited.

The return of the sheriff in the case at bar satisfied these requirements, so the petitioner was, prima facie, under legal restraint.

This, also, is substantially the holding of the Federal courts where the principle is stressed that the primary inquiry is whether or not the Federal Constitution and the statutes promulgated thereunder have been given effect in accordance with the construction placed upon them by the Supreme Court of the United States. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121; South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292.

■ It follows that the statutes of the several states and the decisions of the state courts upon this subject must be in harmony with federal law governing the matter. Parrish case, supra; Ex parte Roberts, 186 Wash. 13, 56 P.2d 703.

Authorities dealing with this subject are elaborately collated in the notes of 18 U. S.C.A. under Sec. 662.

■ It is also a settled rule that, in proceedings as this, when the requisition warrant of the Governor of the asylum state contains the requisite jurisdictional recitals, a prima facie case is established for the legal detention of the prisoner. State v. Parrish, supra, 242 Ala. 7, 5 So.2d at page 834, and cases cited. .

■ Here, the warrant of extradition of the Governor of Alabama, as to its jurisdictional recitals, is identically the same as the warrants approved in the Parrish case and in Pool v. State, 16 Ala.App. 410, 78 So. 407. Upon authority of these cases and others of like import, therefore, it is held that the warrant of extradition in the present case was sufficient. And when exhibited with the sheriff's return showed, prima facie, that the petitioner was legally restrained.

Upon adverting to the record in the Parrish case, we find that the objection was made there, as here, that the warrant of the Governor failed to show that the accused was present in the demanding State at the time of the commission of the alleged offense. This objection was unavailing in the Parrish case. The Supreme Court has held the warrant to be sufficient. This holding is conclusive and supports our determination here that the warrant set forth hereinabove is likewise sufficient.

■ . The other grounds upon which the trial judge based his ruling that the requisition papers were inadequate may be disposed of by repeating that proceedings of extradition present the federal question, as to whether or not the accused is a fugitive from justice within the meaning of the Constitution and laws of the United States. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121; State v. Parrish, Ala.Sup., 5 So.2d 828.[1] The Federal Constitution and laws, as construed by the Supreme Court of the United States, are controlling and it is the duty of the state courts to administer them as so construed. South Carolina v. Bailey, 289 U.S. 412, 420, 53 S.Ct. 667, 77 L.Ed. 1292. The guilt or innocence of the accused is not presented and may not be inquired into except as it may be "(1) material in identifying the person charged, and (2) that he was or was not a fugitive from justice." State v. Parrish, 242 Ala. 7, 5 So.2d at page 834.

The accused, in the present case, made no attempt to offer any evidence, but relied upon the supposed insufficiency of the State's case to justify his detention. The trial judge accepted this contention and ruled accordingly. As demonstrated hereinabove, this was erroneous. The return of the sheriff, exhibiting the Governor's warrant, established the right of the State of Alabama, prima facie, to detain the prisoner.

It is the opinion and judgment of this court that the order discharging the prisoner is inharmonious to the principles of law governing such proceedings. The judgment below is therefore reversed and

the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.

#### On Rehearing.

SIMPSON, Judge.

Learned counsel for appellee urge that the appeal was not taken as required by law and should therefore be dismissd. The argument, however, is not persuasive.

The pertinent provision of the statute is: "Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or the court of appeals; and when, on habeas corpus, any person held in custody * * * for extradition as a fugitive from justice from any other state, is discharged from said custody * * * the solicitor or other prosecuting officer or attorney may take an appeal on behalf of the state to the supreme court or court of appeals," etc. Code of Alabama 1940, Title 15, Section 369.

 Honorable George C. Johnson, "Solicitor of Limestone County, Alabama", appears by the record to have interposed and taken the appeal. This satisfied the requirements of the statute.

Nor was the effectiveness of the appeal destroyed by the superfluous and inept allegation, appearing of record, that the sheriff likewise prayed for an appeal. This is treated as mere surplusage.

The application for rehearing is overruled.

Opinion extended and rehearing denied.