29 So.2d 438

## STATE v. SMITH.

### 8 Div. 559.

Court of Appeals of Alabama.

March 11, 1947.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellant.

J. T. Johnson and R. G. Kelton, both of Oneonta, for appellee.

CARR, Judge.

This is an appeal from a judgment of the probate judge discharging the petitioner on habeas corpus.

The cause below was based on extradition proceedings.

In response to the writ, the sheriff made the following return:

"Comes E. M. Boyles, Sheriff of Marshall County, Alabama, and, for answer to the writ heretofore issued in this matter and served upon him commanding that he appear before Hon. Oscar Horton, Judge of Probate of Marshall County, Alabama, and produce the body of one Levi Smith, allegedly held in custody by him, on October 9th, 1946 at ten o'clock A.M., says as follows:

"That he produces herewith before the Hon. Oscar Horton, Judge as aforesaid, on this, the 9th day of October, 1946, the body of said Levi Smith and says that he arrested the said Levi Smith on Friday, October 4th, 1946, under and by virtue of a request for extradition issued by Hon. Jim McCord, Governor of the State of Tennessee to the Hon. Chauncey Sparks, Governor of the State of Alabama, a copy of which said request is hereto attached and made a part of this return for reference to the contents and recitals thereof; also upon the warrant of the Governor of the State of Alabama issued upon said request on September 27, 1946, commanding the arrest of said petitioner, as aforesaid, a copy of said

warrant being hereto attached and made a part of this return for reference to the contents and recitals thereof."

The copy of the Governor's warrant which is referred to in the return and attached thereto is:

"Whereas, His Excellency, Jim McCord Governor of the State of Tennessee, by requisition dated the 20th day of September 1946 has demanded of me, as Governor of the State of Alabama, the surrender of Levi Smith who, it appears, is charged by Indictment, in the county of Franklin in said State, with the crime of Larceny by means of a bad check (a duly certified copy of which Indictment accompanies said requisition) and it appearing that said Levi Smith had fled from justice in said State and taken refuge in the State of Alabama.

"Now, Therefore, I, Chauncey Sparks Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said Levi Smith if he be found within the limits of this State, and to deliver him into the custody of J. A. Smith, Sheriff, Franklin County the duly authorized Agent of the State of Tennessee. And of the execution of this warrant you will make due return to me."

Petitioner moved the court to strike the sheriff's return upon the specific ground that the same is not accompanied by a copy of the indictment found in the demanding state. The trial judge granted the motion and ordered the petitioner discharged from the custody of the sheriff. Hence this appeal.

It should be kept in mind that we are here dealing only with a matter of pleading.

The question is posed: Was it a necessary requisite to the proceedings that a copy of the indictment be attached to and made a part of the sheriff's return?

Due to what has been written in some of the opinions of our appellate courts there has arisen confusion on this question.

In the early case of Ex parte State of Alabama [In re Mohr], 73 Ala. 503, 49 Am. Rep. 63, the court enumerated and set out what should be included in the return to the writ. Therein it is observed: "It may be considered, therefore, as the settled doctrine of the courts, that a prima facie case is made, when the return to the writ of habeas corpus shows: (1) A demand or requisition for the prisoner made by the Executive of another State, from which he is alleged to have fled; (2) a copy of the indictment found, or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the Executive of the State making the demand; (3) the warrant of the Governor authorizing the arrest. Where these facts are made to appear by papers regular on their face, there is a weight of authority holding that the prisoner is prima facie under legal restraint."

These declared requisites have been restated in many cases that have followed. It is noted that the court in them is holding that when these facts are made to appear a prima facie case is made which is a sufficient basis to hold that the prisoner is under legal restraint.

We do not conclude that this is an expressed intention to make these requirements absolutely restrictive in every case. By this we mean that it is not a pronouncement that all three of these indicated elements of facts must be included in the return to the writ to make a prima facie case of legal restraint. A contrary view would not find recognition in logical and reasonable deductions, neither would it be supported by the opinions of our courts where the opportunity was afforded to review the question in concrete form.

In Singleton v. State, 144 Ala. 104, 42 So. 23, Justice Anderson cited the Mohr case, supra, and quoted from its opinion. However, he observed: "The sheriff's return in the case at bar shows the warrant of the Governor of this state and an affidavit charging the prisoner with a crime, but does not set out the requisition of the executive of the state of Florida. The warrant of the Governor of this state, however, recites that the demand was made, and other jurisdictional facts. While there seems to be conflict of opinion upon the proposition, many cases hold that the warrant of the Governor reciting these jurisdictional facts is in itself prima facie sufficient to show that all necessary prerequi-

654

sites have been complied with prior to its issue by him, and we are disposed to adopt this as a correct rule."

It appears in Pool v. State, 16 Ala.App. 410, 78 So. 407, that the warrant issued by the governor of the asylum state was all that was attached to and made a part of the return to the writ of habeas corpus. The warrant included a recitation of facts which the statute required the governor to ascertain before he could be invested with jurisdictional power to issue the warrant. Upon the basis of this return, this court held:

"These are the jurisdictional facts which the law required the Governor to find before issuing the warrant, and to this end it was within the province of the Governor to require the production of satisfactory evidence of the existence of these facts. This being a matter of official duty, the presumption will be indulged, in the absence of countervailing evidence, that this duty was performed, and the recitals in the warrant are prima facie evidence of these facts. * * *

"Treating the recitals of the warrant as prima facie evidence of the facts therein stated, the return was sufficient, and the motion to quash was properly overruled." See, also, State v. Rogers, 30 Ala.App. 515, 9 So. 2d 758.

In Ex parte Devine, 74 Miss. 715, 22 So. 3, the Supreme Court of Mississippi decided the instant question. We copy the second headnote: "A prisoner held under extradition proceedings cannot, on habeas corpus, except to the return of the officer on the ground that the warrant shows no affidavit or indictment charging him with a crime in the state from which he fled."

Title 15, Sec. 50, Code 1940, provides what the demand to the asylum state shall include: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit

made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

The warrant of the Governor of this State is copied hereinabove and, of course, speaks for itself. It will be therein observed that the requirements of the section just supra were fully met, and the Governor was clothed with all necessary facts upon the basis of which he was given authority to proceed. It was then related to his official duty and power. His action in the premises carries the presumption that he performed his duty. The recitals in the warrant became prima facie evidence of these facts.

It follows, therefore, that for the State to proceed in the case at bar, it was not required that the sheriff's return be accompanied by a copy of the indictment from the demanding state.

The court was in error in striking the return. Authorities, supra. See, also, State v. Parrish, 242 Ala. 7, 5 So. 2d 828; Thacker v. State, 20 Ala.App. 302, 101 So. 636; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Watson v. State, 30 Ala. App. 184, 2 So. 2d 470; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216.

The judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.