41 So.2d 625

### TUCKER et al. v. STATE.

### 8 Div. 751.

Court of Appeals of Alabama.

May 24, 1949.

Rehearing Denied June 21, 1949.

Smith & Thompkins, of Tuscumbia, for appellants.

A. A. Carmichael, Atty. Gen. and Wm. N. McQueen, Asst. Atty. Gen. for the State.

HARWOOD, Judge.

This is a joint appeal from a judgment and order of the lower court overruling and denying appellants' petitions for writs of habeas corpus.

For convenience the appellants will hereinafter be referred to as petitioners.

The petitioners were respectively arrested on a governor's extradition warrant issued by James E. Folsom, Governor of Alabama.

The Governor's extradition warrant issued for the arrest of petitioner Herschel Tucker is as follows:

"In the Name and by the Authority of the State of Alabama

"I James E. Folsom Governor of the State

"To Any Sheriff, Coroner, Constable or other Officer authorized by law to make Arrests send Greeting: Whereas, his Excellency, Gordon Browning Governor of the State of Tennessee, by requisition dated the 7th day of March 1949 has demanded of me, as Governor of the State of Alabama, the surrender of Herschel Tucker who, it appears, is charged by warrant, in the county of Obion in said State, with the crime of Grand Larceny (a duly certified copy of which Warrant accompanies said requisition) and it appearing that said Herschel Tucker has fled from justice in said State and taken refuge in the State of Alabama.

"Now, Therefore, I, James E. Folsom Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said Herschel Tucker if he be found within the limits of this State, and deliver him into the custody of Robert L. Harrison the duly authorized Agent of the State of Tennessee and of the execution of this Warrant you will make due return to me.

"In Testimony Whereof, I have hereunto set my hand and caused the great Seal of the State to be affixed at the Capitol, in the city of Montgomery, this 10th day of March in the year of our Lord, One Thousand Nine Hundred and Forty-nine and in the One Hundred and Seventy-third year of American Independence.
"James E. Folsom
"Governor of Alabama

"SEAL

"By the Governor

"Sibyl Pool
"Secretary of State

"Filed in office
this 17 day of Mar. 1949.
Chas. Edgar Young, Clerk."

The Governor's extradition warrant issued for the arrest of petitioner Spud Bruce is identical with the above warrant except it shows the name Spud Bruce in lieu of Herschel Tucker.

The respective petitions were considered after a joint hearing below. The respondent, Sheriff Potts, in support of his respective answers to each petition introduced in evidence the two warrants above mentioned.

At this point appellants' counsel moved that appellants be discharged from custody on the grounds, among others, that "there is not shown—a demand by the Governor of Tennessee, and there is no copy of any warrant and affidavit proved against petitioners personally certified according to law;" —and on the further grounds that the Governor's warrant of extradition is not legally sufficient to authorize the detention of petitioners or to make out a prima facie case.

The court denied this motion, to which action petitioners reserved an exception.

The court's action in the premises was correct. The principles dictating such ruling are now well settled and are set forth in detail in the case of State v. Smith, 32 Ala.App. 651, 29 So.2d 438, wherein numerous authorities in support of the view there entertained are set forth. We will not again repeat these principles in the interest of brevity, other than to note that treating the recitals in the Governor's extradition warrants as prima facie evidence of the facts therein stated, as we must do under our decisions, the answers of the respondent supported by the war-

rants introduced in evidence were sufficient prima facie to justify the respondent's detention of the petitioners. State v. Smith, supra.

It appears from the record that the respondent did not rest at this point, as he might well have done, but proceeded to introduce further evidence.

Clarence Riddle, a commercial fisherman operating on Reel Foot Lake in Tennessee, stated that on the night of 11 February 1949 some 15 fishing nets belonging to him were stolen. These nets had a total value of $250.00. He stated positively that he had seen the petitioner Tucker in the vicinity of the yard from which his nets were stolen some four or five days previous to the day on which they were taken, and had "probably" seen the petitioner near Reel Foot Lake, though he did not "know for sure."

After his nets had been taken Mr. Riddle came to Florence. Accompanied by H. H. Gist, a deputy sheriff of Lauderdale County, he went to a yard in Florence where he found his missing nets.

This witness stated that some nets then in the court were not his, and not the ones he saw in the yard in Florence.

Mr. H. H. Gist, a witness for respondent, testified that sometime after the 11 of February 1949, Mr. Clarence Riddle came to him in Florence and made known to him that he (Riddle) was a resident of Tennessee and was in Florence searching for some fish nets that he said were in Florence.

He and Riddle went to the home of one Gib Melton in Florence and there found some nets which had been freshly tarred. There was no one at Melton's so they left.

Later he returned to Melton's accompanied by several other officers. On this trip some nets, not freshly tarred, were found and "brought in." These were the nets in the court room at the time of the proceedings below.

Charles Sinbeck, a witness for the respondent, testified that formerly he was a fisherman.

On or about the 10 or 11 of February 1949 he heard petitioner Bruce and one Garnie Wright talking about going to Reel Foot Lake to get some fishing nets, though he did not remember exactly what was said.

The next morning he saw fifteen nets in Gib Melton's back yard, and the two petitioners and Garnie Wright were there. They told him they had gotten the nets, which were freshly tarred, at Reel Foot Lake.

On cross-examination the witness testified that in the first conversation the petitioners had told him they were going to Reel Foot Lake to steal some nets.

After the above testimony the respondent rested.

The petitioners then presented evidence. Each petitioner, respectively, denied that he had gone to Tennessee, or had stolen any nets there. They likewise denied the conversations attributed to them by Sinbeck.

The petitioners also presented other witnesses tending to corroborate their testimony.

Appellant's counsel argues that the evidence presented was insufficient to identify the petitioners as the parties named in the warrants, and insufficient to show that the petitioners were fugitives from the justice of the State of Tennessee.

We disagree with this contention. It is our opinion that the evidence presented by the respondent was sufficient in its inferences to justify the lower court's conclusions that the petitioners were present in Tennessee at the time of the larceny of the nets, and that they left Tennessee as fugitives. We of course are not here concerned with the guilt or innocence of the petitioners but only with their extraditable status. The evidence in our opinion being sufficient to establish this, the judgment and decree of the lower court should not be disturbed.

Affirmed.

BRICKEN, P. J., not sitting.