50 So.2d 786

**BLANTON v. STATE.**

6 Div. 238.

Court of Appeals of Alabama.

Feb. 20, 1951.

J. L. Marshall, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a judgment of the Circuit Court of Tuscaloosa County denying appellant's discharge in a habeas corpus proceeding.

The return filed by the Sheriff in the proceedings below asserted that he was holding the petitioner by virtue of a rendition warrant issued by the Governor of Alabama, directing the sheriff to arrest the petitioner and deliver him to a named agent of the State of California.

At the hearing below a copy of the rendition warrant was introduced into evidence by the respondent Sheriff, the portions thereof pertinent to this appeal being as follows: "Whereas, His Excellency, Earl Warren, Governor of the State of California, by requisition dated the 1st day of December, 1950, has demanded of me, as Governor of the State of Alabama, the surrender of Isaac Leroy Blanton who, it appears, is charged by Warrant, Complaint, Affidavits, Certification and Exemplification, in the county of Los Angeles, in said State, with the crime of Burglary (a duly certified copy of which Warrant, Complaint, Affidavits, Certification and Exemplification accompanies said requisition) and it appearing that said Isaac Leroy Blanton has filed from justice in said State and taken refuge in the State of Alabama."

592

The respondent also introduced, over appellant's objection, numerous affidavits and complaints made in California charging the appellant with sundry crimes of a larcenous nature, together with warrants issued pursuant to such complaints and affidavits. There was also included in this material considerable correspondence between law enforcement officials in California and law enforcement and prison officials in Alabama pertaining to the appellant.

Among the grounds interposed to the introduction of all or part of this material were that the extradition request of the Governor of the demanding State, authenticating the documents, was not offered or produced.

The appellant offered no evidence in the proceedings below.

■ No need arises to consider the validity of the rulings of the lower court as to the admission of the above material if sufficient proper evidence was before the court to sustain its judgment, this being a non jury proceedings. Holmes v. State, 108 Ala. 24, 18 So. 529.

■■ The respondent did introduce the rendition warrant of the Governor of Alabama. The recitals of this warrant indicate that the jurisdictional facts required by law as a basis for action by the Governor of Alabama were present. In the absence of countervailing evidence it will be presumed that the Governor acted properly in the premises. It is now well settled in this jurisdiction that if the Governor's rendition warrant shows on its face all necessary jurisdictional facts, a prima facie case is established for the detention of the prisoner by a sheriff acting pursuant to such warrant. State v. Smith, 32 Ala.App. 651, 29 So.2d 438; Tucker v. State, 34 Ala.App. 477, 41 So.2d 625.

Nothing in the allied documents disclosing the complaints, warrants, and affidavits, which were received in evidence tends to negative the prima facie case established by the rendition warrant. So far as they go they are in regular form. The requisition demand of the Governor of California certifying them is however absent.

■ Their probative value is therefore negative. This negative quality cannot however supply any positive evidence essential to overcome the prime facie case made by the respondent by the introduction of the rendition warrant.

This cause is therefore due to be affirmed in this aspect of the case.

Other points justifying the ruling of the lower court are argued in brief filed by the appellee.

Since we think the point above discussed is decisive in and of itself, we reserve consideration of these additional points.

Affirmed.

PRICE, J., recuses self.