57 So.2d 830

DENSON v. STATE.

6 Div. 132.

Court of Appeals of Alabama.
Aug. 21, 1951.

Rehearing Denied Oct. 2, 1951.

H. L. Anderton, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This appeal is based on an extradition proceeding. In the court below the petitioner was denied his discharge on habeas corpus.

In oral argument and in brief it is insisted by appellant's attorney that the State failed in its case by omitting to introduce in evidence the affidavit and warrant which accompanied the requisition. Title 15, Sec. 52, Code 1940. This is the sole question of critical concern for our review.

To make out its case in this aspect the State introduced in evidence the warrant of the Governor of Alabama which recites in part:

"Whereas, His Excellency, Fielding L. Wright, Governor of the State of Mississippi, by requisition dated the 27th day of June 1950 has demanded of me, as Governor of the State of Alabama, the surrender of Owel Denson who, it appears, is charged by Affidavits and Warrants, in the county of Hinds in said State, with the crime of False Pretense (2 counts) (a duly certified copy of which Affidavits and Warrants accompanies said requisition) and it appearing that said Owel Denson has fled from justice in said State and taken refuge in the State of Alabama."

It is now well settled in this jurisdiction that the governor's rendition warrant, showing on its face all essential jurisdictional facts, makes a prima facie case for the detention of the petitioner by the officer acting pursuant to such warrant. Walker v. State, 35 Ala.App. 612, 51 So. 2d 266; State v. Smith, 32 Ala.App. 651, 29 So.2d 438; Tucker v. State, 34 Ala.App. 477, 41 So.2d 625; Blanton v. State, 35 Ala.App. 561, 50 So.2d 786.

It is earnestly argued that unless the affidavit or indictment be attached to the governor's warrant the petitioner would have no way of knowing the cause of his arrest and detention and could be easily made the victim of an unwarranted and unauthorized arrest.

The courts must presume that the governor acted properly and in compliance with the law in issuing the warrant. Without a showing to the contrary, the possibility of capricious or arbitrary action on the part of the chief executive of the State must be rejected by the courts.

The fact of the establishment of the prima facie case does not preclude the petitioner from showing that the governor issued the warrant without authority of law. The bar to a right so vital to the liberty of a citizen would be deemed extremely unfair.

The Supreme Court of South Carolina in the case of Ex parte Murray, 112 S.C. 342, 99 S.E. 798, 5 A.L.R. 1152, held that a refusal to allow the petitioner to inspect the requisition and accompanying papers, or, after demand, refusal to produce them (or copies) will rebut the prima facie sufficiency of the governor's warrant.

In any event, in the case at bar no demand was made for the allied papers. The prisoner introduced no evidence which tended to attack the regularity of the "affidavit and warrants."

In this state of the record the authorities in this State compel us to the conclusion that the judgment below must be affirmed. It is so ordered.

Affirmed.

PRICE, J., recuses self.