72 So.2d 863

## JOHNSON v. STATE.

### 7 Div. 201.

Supreme Court of Alabama.

April 22, 1954.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., Thos. M. Haas, Montgomery, of counsel, for petition.

C. A. Wolfes, Fort Payne, opposed.

**LIVINGSTON, Chief Justice.**

It seems to us that the sole basis of the decision of the Court of Appeals in this case is the opinion in the case of Denson v. State, reported in 36 Ala.App. 216, 57 So.2d 830, certiorari denied 257 Ala. 184, 57 So.2d 832, and cases there cited.

It is to be noted that in the Denson case, supra, the petitioner was denied his discharge on habeas corpus.

As we construe it, the Denson case is authority for the proposition that the recitals in the governor's rendition warrant as to the necessary jurisdictional facts establishes a prima facie case for the legal detention of the petitioner. And, further, that the prima facie case thus made is rebuttable, and that a refusal to allow the petitioner to inspect the requisition and accompanying papers, or after demand, refusal to produce them (or copies) will rebut the prima facie sufficiency of the governor's warrant.

We have no quarrel with the proposition outlined above, but the opinion of the Court of Appeals in the instant case discloses a far different set of circumstances. The petitioner here instituted the habeas corpus proceedings in the court below. And, while it is true that petitioner has the right to inspect the requisition and accompanying papers after demand, such demand must be reasonable as to time, place and circumstances. A prisoner may not institute habeas corpus proceedings in a situation like this, and then after the state has made out a prima facie case, elect to inspect the allied papers which may not be then convenient for inspection. In other words, he instituted the proceedings and could have had inspection of the allied papers prior to the trial of the cause. It is the duty of petitioner to prepare his case. Moreover, according to the opinion of the Court of Appeals, a certified copy of the indictment demanded by the petitioner in this case was already in evidence when the demand for inspection was made. Under the circumstances of this particular case, we are of the opinion that the Court of Appeals erred in reversing and remanding the case.

The cause is reversed and remanded to the Court of Appeals.

Reversed and remanded.

All the Justices concur except CLAYTON, J., not sitting.