143 So.2d 187

Cecil CHAVERS

v.

STATE.

7 Div. 682.

Court of Appeals of Alabama.

May 15, 1962.

Rehearing Denied June 5, 1962.

.MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, Montgomery, for the State.

Hinton & Torbert, Gadsden, for appellant.

PRICE, Judge.

This is an appeal from a Judgment of the Circuit Court of Calhoun County denying appellant's discharge in a habeas corpus proceeding.

It appears from the trial court's order and the certificate of the judge that the hearing was upon the appellant's petition and the return of the Sheriff of Calhoun County. The return asserts that the petitioner was held under the authority of a rendition warrant issued by the Governor of Alabama upon requisition of the Governor of Mississippi and that a copy of the said rendition warrant and a copy of the requisition are attached to and made a part of the return.

The rendition warrant of the Governor of Alabama recites:

"Whereas, His Excellency, Ross R. Barnett, Governor of the State of Mississippi, by requisition dated the 28th day of December, 1961, has demanded of me, as Governor of the State of Alabama, the surrender of Cecil Chavers who, it appears, is charged by affidavit and warrant, in the County of Greene in said State, with the crime of burglary and grand larceny, as shown by affidavit and warrant (a duly certified copy of which affidavit and warrant accompanied said requisition) and it appearing that Cecil Chavers has fled from justice in said State and taken refuge in the State of Alabama."

The requisition of the Governor of Mississippi shows:

"Whereas, It appears by the annexed copy of an affidavit & related papers which is hereby certified to be authentic, that Cecil Chavers stands charged with the crime of Burglary and Grand Larceny committed in the County of Greene in this State, and it has been represented to me that he has fled from this State and has taken refuge in the State of Alabama."

Counsel for petitioner objected to the court's considering the rendition warrant and the requisition on the grounds that the affidavit and warrant was not attached to the request of the Governor of Mississippi. The court overruled the objection.

It is well settled that where, as here, the rendition warrant recites the essential jurisdictional facts, the presumption is that the Governor issued his warrant upon proper authority, and in order to make out a prima facie case for petitioner's detention it is not required that the return be accompanied by a certified copy of the accusation from the demanding state. Morrison v. State, 258 Ala. 410, 63 So.2d 346; State v. Smith, 32 Ala.App. 651, 29 So.2d 438; Clayton v. State, 33 Ala.App. 371, 33 So.2d 750.

Petitioner recognizes the foregoing principle, but insists that by attaching to the return the requisition of the Governor of Mississippi without also attaching a copy of the affidavit the respondent contradicted the prima facie showing made by the rendition warrant. His argument is based upon the theory of our decisions to the effect that where the state introduces into evidence, in addition to the rendition warrant, the requisition of the governor of the demanding state, and it shows on its face that it was insufficient upon which to predicate the rendition warrant the petitioner should be discharged. The cases cited and relied on by petitioner are as follows: Kelley v. State, 30 Ala.App. 21, 200 So. 115: Pierce v. Holcombe, 37 Ala.App. 305, 67 So.2d 278.

The requisition of the Governor of Mississippi was in proper form. The absence of an affidavit did not tend to negative the prima facie case made by the recitals of the rendition warrant. State v. Smith, supra; Clayton v. State, supra; Blanton v. State, 35 Ala.App. 591, 50 So.2d 786.

The record contains the following:

"Comes now the petitioner, Cecil Chavers, and demands the right to inspect the requisition of the Governor of the State of Mississippi and the accompanying paper for extradition of your petitioner to the State of Mississippi."

Counsel made no reference in his brief to the demand for inspection of the paper accompanying the requisition, but we think it well to point out that the demand is dated January 30th, the day of the hearing. It was not shown the state was given notice to produce the affidavit, nor was it shown the state had it in court. Moreover, the court's ruling was not invoked on the demand and there was no request for a continuance for the purpose of securing a copy of the affidavit, therefore, the matter is not presented for our review.

Affirmed.

CATES, Judge (dissenting).

Respectfully, I vote to remand this cause. In spite of petitioner's demand for inspection of a certified copy of an indictment or affidavit charging him with felony or other crime in Mississippi (18 U.S.C. § 3182), nothing was produced.

Ex parte State, in re Mohr, 73 Ala. 503, McGahagin v. State, ante, p. 236, 131 So.2d 425, and Code 1940, T. 15, § 52, are but mere reflections of § 3182, supra.

Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544, says that the question as to the fugitive's being substantially charged with a crime is one of law. This view is implicit in the Alabama statute conferring habeas corpus. The executive act is not res judicata. Code 1940, T. 15, § 27, significantly omits a rendition warrant.

Our statute is emphatic in its concern that the executive act be judicially examined. Code 1940, T. 15, § 57, provides in part:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he has been informed of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand legal counsel; and if the prisoner, his friends, or counsel shall state that he or they desire to test the legality of his arrest, the prisoner shall be taken forthwith before a judge of a court of record in this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. * * * *"

My colleagues would exalt a presumption of regularity into a rule of law rather than merely one of evidence. To my view, after demand for production of either an indictment or affidavit, the State's failure to show any paper charging a crime makes the requisition warrant from the Governor of Mississippi contradict itself and the recitals of the rendition warrant. To me, the McGahagin case is indistinguishable from this one.

That I am not alone in this view, would appear from the majority opinion in McFarlin v. Shirley, 209 Ga. 794, 76 S.E.2d 1, where the syllabus by the court reads:

"1. 'When in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon on (sic) extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears.' Blackwell v. Jennings, 128 Ga. 264(2), 57 S.E. 484.

"2. While the evidence offered by the petitioner in the present case can not be held, as a matter of law, to be sufficient to overcome this presumption, the respondent having tendered in evidence, over proper objections of the petitioner, the requisition of the Governor of the State of South Carolina without 'a copy of an indictment found or an affidavit made before a magis-

trate' 18 U.S.C.A., § 3182, the respondent in effect contradicted the prima facie showing made by the warrant alone, and thus showed that the petitioner was being illegally restrained, in that the warrant was not based on a valid requisition. The trial court, therefore erred in remanding the petitioner to the respondent."

Moreover, even without petitioner's demand for the accompanying papers, it is persuasively arguable that the requisition warrant's failure to have "annexed" (as it recites) the charging affidavit would rebut any presumption arising from the recitals of the Governor of Alabama in the rendition warrant. Thus, in State ex rel. Daugherty v. Payne, 180 Tenn. 268, 174 S.W.2d 457, we find:

"In his answer respondent [sheriff] denies the illegality of his restraint of relator and says that that restraint is lawful and regular by reason of the three documents exhibited with his answer and which we have already detailed.

"If the respondent had exhibited only the rendition warrant of the Governor of Tennessee, his possession of the necessary documents would have been presumed on account of that warrant's recitals and as the Attorney General insists; but when the respondent goes farther and exhibits the warrant from the Parole Board and that from the Governor of New York, alleging that they are the process upon which he relies to make his restraint of relator legal and regular, we are bound to infer from this allegation that these are the documents in the case. The inclusion of these under such an allegation is the exclusion of all others."

Opposed to McFarlin and Daugherty is the Texas case of Ex parte Gradington, 89 Tex.Cr.R. 432, 231 S.W. 781. This holding may well no longer be controlling in that State because of § 27 of the Uniform Criminal Extradition Act which became law in Texas June 15, 1951. Texas Code of Crim.Proc. Art. 1008a, §§ 1–30, particularly § 27. Vernon's Texas Stat., 1952 Supp., p. 969.

I cannot subscribe to the notion that, after the sheriff's return was in, the petitioner then had the burden of proof or persuasion. The papers to send petitioner off were in the custody of the State's officials and once having asked for them, what else could he do?

Nothing in Johnson v. State, 261 Ala. 1, 72 So.2d 863, supports the majority here. Indeed, Livingston, C. J., therein alluded to without gainsaying a statement by Carr, P. J., to the effect that refusal (after demand) to produce "will rebut the prima facie sufficiency of the governor's warrant." Cf. Code 1940, T. 7, §§ 487 and 488.

Harris v. State, 257 Ala. 3, 60 So.2d 266, certainly stands for a judicial examination of all extradition papers without making an impenetrable facade—like the Great Wall of China—of the rendition warrant. If, as in the Harris case, the State may bolster the rendition warrant with other papers, then certainly, when the bolstering (as it does here) contradicts the warrant, the warrant (like the presumption of innocence in the face of moral certainty of guilt) loses all its evidentiary value on the substantive issue.

We should not forget that extradition, while ordinarily a means to keep criminals from finding territorial asylum, is a kind of deportation that exists only by reason of law (Art. IV, § 2, cl. 2, U.S.Const.; 18 U.S.C. § 3182; Code 1940, T. 15, § 48 et seq). Because it is founded on law, its operation should follow the Rule of Law. The principles of adversary litigation should rigidly be confined in such a case. The State of Alabama should stand indifferent as between the accused and the demanding jurisdiction. When the accused asks for all the papers, they should be laid before the judge.

The judgment in this case shows no evidence adduced. Rather the entry shows the matter was heard on the petition and on the sheriff's return. Since the return was self-contradictory, then it follows that it does not justify the detention.