154 So.2d 674

**Grover BAUGH**

**v.**

**STATE.**

**7 Div. 600.**

Supreme Court of Alabama.

May 9, 1963.

Nabors & Torbert, Gadsden, for petitioner.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

**320**

HARWOOD, Justice.

The appellant was held by respondent, Sheriff of Etowah County, upon a rendition warrant issued by Hon. John Patterson, Governor of Alabama. The rendition warrant of the Governor of Alabama recites that it was issued pursuant to a requisition of Buford Ellington, Governor of Tennessee.

Upon his arrest and confinement the appellant instituted habeas corpus proceedings seeking his release.

Upon hearing, the Circuit Judge decreed that the appellant was not entitled to be discharged and ordered that the writ be discharged, and petitioner be remanded to the custody of the Sheriff.

Actually no return was filed by the Sheriff respondent in the proceedings below. It appears from the record that at such hearing the State introduced the rendition warrant of the Governor of Alabama, and the purported requisition of the Governor of Tennessee.

■ It is now well settled that a prima facie case for detention of a prisoner held pursuant to a rendition warrant results upon the introduction in evidence of the Governor's rendition warrant which recites essential jurisdictional facts, the presumption being that the Governor issued the rendition warrant upon proper authority.

Where the State goes further and introduces the allied papers accompanying the requisition of the Governor of the demanding State, and these allied papers show on their face that they are insufficient to support the requisition, then of course the presumption accorded the recitals of the rendition warrant must fall. Chavers v. State, 41 Ala.App. 585, 143 So.2d 187.

It appears that both the rendition warrant of the Governor of Alabama and the requisition request of the Governor of Tennessee are defective.

The rendition warrant of the Governor of Alabama recites:

"Whereas, His Excellency, Buford Ellington, Governor of the State of Tennessee, by requisition dated the 1 day of May 1962, has demanded of me, as Governor of the State of Alabama, the surrender of Grover Franklin Baugh who, it appears, *is charged by warrant,* in the County of Obion in said State, with the crime of burglary, *as shown by warrant* (a duly certified copy of *which warrant* accompanies said requisition) * * *." (Italics ours.)

Section 50 of Title 15, Code of Alabama 1940, is as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued

thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

 It is obvious that the rendition warrant is insufficient in failing to recite that the requisition was accompanied by an authenticated copy of an indictment, or information supported affidavit, or an affidavit made before a magistrate.

It further appears that the requisition upon which the rendition warrant was issued is defective. While the rendition warrant recites that it was issued upon the requisition of Hon. Buford Ellington, Governor of Tennessee, the copy of the requisition introduced by the State in the proceedings shows the following signatures:

"By the Governor:    Bruce Ellington
                     Jim Case"

The above cannot be regarded as the official signature of the Governor of Tennessee who is designated in the rendition warrant as Buford Ellington.

It therefore affirmatively appears that the purported requisition was not sufficient to support the purported rendition warrant issued by the Governor of Alabama. McGahagin v. State (Ala.App.), 131 So.2d 425.

The doctrine of the majority opinion in the Chavers case, supra, which is made the basis of the judgment of the Court of Appeals now being reviewed, is that where some of the allied papers accompanying the requisition request are introduced, but not all of the allied papers, and the requisition request and those allied papers introduced are in order, then the presumption accorded the rendition warrant of the Governor of Alabama is yet in being. This doctrine is not here applicable, the requisition request itself being defective.

The judgment of the Court of Appeals is reversed.

Reversed and remanded.

All the Justices concur.