160 So.2d 12

**STATE**

v.

**Jerome FREEMAN.**

**7 Div. 757.**

Court of Appeals of Alabama.

Jan. 21, 1964.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Rowan Bone, Gadsden, for appellee.

PRICE, Presiding Judge.

This is an appeal by the State of Alabama from an order discharging the petitioner in a habeas corpus proceeding.

The petitioner, Jerome Freeman, being in custody pursuant to an extradition warrant issued by the Governor of this state ordering his return to the State of Illinois to answer a charge of "Theft," sought his release by habeas corpus.

No return was filed by the sheriff respondent.

In the proceedings below, the state introduced in evidence the rendition warrant issued by the Governor of Alabama.

A prima facie case for the detention of the petitioner is established by the introduction of the rendition warrant, if it contains all the necessary jurisdictional recitals. State v. Smith, 32 Ala.App. 651, 29 So.2d 438; Tucker v. State, 34 Ala.App. 477, 41 So.2d 625; Blanton v. State, 35 Ala. App. 591, 50 So.2d 786; Denson v. State, 36 Ala.App. 216, 57 So.2d 830; Baugh v. State, Sup.Ct., 154 So.2d 674.

Here the solicitor introduced in evidence only one other document which he termed the requisition of the Governor of Illinois. Actually it is not a requisition of the Governor of the demanding state but is merely an order signed by the Governor of Illinois appointing an agent to receive the petitioner from the Alabama authorities and convey him to the State of Illinois. No requisition from the Governor of Illinois appears in the record.

The recitals in the rendition warrant are not conclusive and when the allied papers are in evidence it is our duty to examine them to determine their legal sufficiency to justify the issuance of the warrant. Harris v. State, 257 Ala. 3, 60 So.2d 266; Pierce v. Holcombe, 37 Ala.App. 305, 67 So.2d 278; McGahagin v. State, 41 Ala. App. 236, 131 So.2d 425.

The case of Meadows v. State, 38 Ala.App. 319, 82 So.2d 811, is authority for our conclusion that the trial court properly ordered the discharge of petitioner from the custody of the sheriff.

The judgment appealed from is affirmed.

Affirmed.