177 So.2d 107

**Joseph ALDIQ**

v.

**STATE.**

**6 Div. 87.**

Court of Appeals of Alabama.

June 29, 1965.

L. Drew Redden, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a judgment denying appellant's discharge in a habeas corpus proceeding.

The appellant was arrested by the Sheriff of Jefferson County pursuant to a rendition warrant issued by the Governor of this State ordering his return to the State of Pennsylvania to answer charges of fraudulent Conversion and Cheating by Fraudulent Pretense.

In support of the return filed by the sheriff, the solicitor, in the proceeding below, introduced in evidence the rendition warrant issued by the Governor of Alabama, together with a document which he termed a warrant or requisition from the Governor of Pennsylvania, and other allied papers, among which were a Bench Warrant and three indictments executed in Pennsylvania and charging appellant with crime in that State.

■ A prima facie case for the detention of the petitioner is established by the introduction of the rendition warrant, if it contains all the necessary jurisdictional recitals. State v. Smith, 32 Ala.App. 651, 29 So.2d 438; Tucker v. Smith, 34 Ala.App. 477, 41 So.2d 625; Blanton v. State, 35 Ala. App. 591, 50 So.2d 786; Denson v. State, 36 Ala.App. 216, 57 So.2d 830.

■ But recitals in the rendition warrant are not conclusive, and when the allied papers are in evidence it is our duty to examine them to determine their legal sufficiency to justify the issuance of the rendition warrant. State v. Freeman, 42 Ala. App. 240, 160 So.2d 12; Meadows v. State, 38 Ala.App. 319, 82 So.2d 811; Harris v. State, 257 Ala. 3, 60 So.2d 266; Pierce v. Holcombe, 37 Ala.App. 305, 67 So.2d 278; McGahagin v. State, 41 Ala.App. 236, 131 So.2d 425.

■ The document which the solicitor terms a requisition from the Governor of Pennsylvania actually is merely an order signed by the Governor of Pennsylvania appointing an agent to receive the appellant from the Alabama authorities and convey him to Pennsylvania. No requisition from the Governor of Pennsylvania appears in the record. This in itself would cause a

reversal of this cause, in that Section 50, Title 15, Code 1940, provides in part that: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found * * *." Meadows v. State, supra; State v. Freeman, supra.

We also find it necessary to point out a defect in the rendition warrant issued by the Governor of Alabama, which recites in relevant part:

"Whereas, His Excellency, William Scranton, Governor of the State of Pennsylvania, by requisition dated the 4th day of March, 1964 has demanded of me, as Governor of the State of Alabama, the surrender of Joseph Aldio who, it appears, is charged by Bench Warrant, in the county of Lehigh in said State, with the crime of Fraudulent Conversion and Cheating by Fraudulent Pretense, as shown by certified copy of Bench Warrant (a duly certified copy of which Bench Warrant accompanies said requisition) and it appearing that said Joseph Aldio has fled from justice in said State and taken refuge in the State of Alabama."

One of the jurisdictional facts necessary for the Governor to find as a predicate for issuance of the warrant is that the accused is "lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and escaped from confinement or broken his parole." Section 52, Title 15, Code 1940; Watson v. State, 30 Ala.App. 184, 2 So.2d 470.

The recitals of the Governor's warrant here are obviously deficient, alone and of themselves, to show prima facie the legality of appellant's detention. The assertion in the Governor's warrant that the accused is charged of a crime by "Bench Warrant" is wholly insufficient to meet the statutory requirement that he must be shown to be lawfully charged by indictment or by an information, etc., by affidavit made before a magistrate in the demanding state with having there committed crime under its laws.

Another error infecting this record results from the reception in evidence over appellant's well-grounded objections of alleged copies of a Bench Warrant and indictments executed by officials in the State of Pennsylvania and charging appellant with crime. These papers are not authenticated by the executive authority of that state as required by Section 50, Title 15, Code 1940. Therefore, the admission of these documents in evidence was error. Meadows v. State, supra.

The facts presented by the record under review failing to show that appellant prima facie is under legal restraint, it results that a reversal of the cause must be ordered.

Reversed and remanded.

CATES, J., not sitting.