Petitioner, the State of Alabama, seeks a writ of certiorari to review the discharge by the Court of Criminal Appeals of respondent, Donald Shirley, in a habeas corpus proceeding,363 So.2d 103. Shirley was indicted in Texas in 1969 for the crime of murder with malice. He was arrested in Tuscaloosa, Alabama in November 1977. Subsequently, the Governor of Texas issued a requisition warrant for the arrest and return of Shirley. The Governor of Alabama then issued a rendition warrant based on the request of the Governor of Texas and the supporting papers.
In December 1977, Shirley filed a petition for writ of habeas corpus in the Tuscaloosa County Circuit Court. At the hearing in the petition, the prosecutor introduced the rendition warrant into evidence, but did not introduce the requisition warrant or supporting papers. The writ was denied. Shirley appealed the decision to the Court of Criminal Appeals who reversed holding that under Meadows v. State, 38 Ala. App. 319,82 So.2d 811 (1955) and Aldio v. State, 42 Ala. App. 653,177 So.2d 107 (1965), the failure to introduce the requisition warrant at the trial court level is sufficient "in and of itself" to require a reversal.
Petitioner contends that this holding is in conflict with prior decisions of the Court of Criminal Appeals and maintains that a rendition warrant reciting the necessary jurisdictional facts is sufficient to make out a prima facie case for the detention of the prisoner without the need for introduction of the requisition warrant and supporting papers. We agree.
The statutory requisites for issuance of a rendition warrant by the governor are:
 No demand for the extradition of a person charged with a crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found, or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth.
Alabama Code § 15-9-31 (1975).
 A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or broken his parole.
Alabama Code § 15-9-33 (1975).
It is well settled that if the rendition warrant recites certain jurisdictional facts, to-wit: (1) that there was a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled, (2) that the requisition was accompanied by a copy of an indictment found, or an information or an affidavit before a magistrate, substantially charging the person demanded with a crime under *Page 106 
the laws of the state from whose justice he fled, and (3) that the copy of the indictment, information or affidavit was authenticated by the executive authority making the demand, then a prima facie case is made out for detention and the burden shifts to the prisoner to rebut the State's prima facie case. See Morrison v. State, 258 Ala. 410, 63 So.2d 346 (1953);State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941); Peacock v.State, 48 Ala. App. 391, 265 So.2d 175 (1972); State v. Shelton,30 Ala. App. 484, 8 So.2d 216 (1942). It is not necessary for the establishment of a prima facie case that the requisition warrant and supporting papers be introduced into evidence when the rendition warrant makes the required showing. See Stinsonv. State, 43 Ala. App. 27, 179 So.2d 94 (1965); State v.Freeman, 42 Ala. App. 240, 160 So.2d 12 (1964); Denson v. State,36 Ala. App. 216, 57 So.2d 830 (1951); State v. Knight,31 Ala. App. 174, 14 So.2d 159 (1943).
In the case at bar, it does not appear from the opinion of the Court of Criminal Appeals whether the rendition warrant recited the necessary jurisdictional facts. So we refer to the record, which is proper on certiorari when there is no dispute about the facts, as here, for a more complete understanding of those features of the record which have been treated in the opinion of the court of appeals. See Ison v. State, 281 Ala. 189, 200 So.2d 511 (1967); Weigart v. State, 279 Ala. 609,188 So.2d 919 (1966); Johnson v. State, 277 Ala. 655, 173 So.2d 824
(1965). We find that the rendition warrant reads in pertinent part as follows:
 I, GEORGE C. WALLACE, Governor of the State To any SHERIFF, CORONER, CONSTABLE or other OFFICER authorized by Law to make Arrest send GREETING: WHEREAS, His Excellency, DOLPH BRISCO Governor of the state of TEXAS, by requisition dated the 16TH day of DECEMBER, 1977 has demanded of me, as Governor of the State of Alabama, the surrender of DOYLE SHIRLEY who, it appears, is charged by INDICTMENT CAPIAS, in the county of CHAMBERS in said State, with the crime of MURDER WITH MALICE (a duly certified copy of which INDICTMENT CAPIAS accompanies said requisition) and it appearing that said DOYLE SHIRLEY has fled from justice in said State and taken refuge in the State of Alabama. . . .
The rendition warrant did contain sufficient jurisdictional facts to establish a prima facie case for lawful detention; thus, the burden was on Shirley to rebut the State's prima facie case by showing that he was not the identical person named on the indictment or that he was not a fugitive from justice. See Denson v. State, supra; State v. Shelton, supra;State v. Knight, supra.
Although not required, if the requisition warrant and supporting papers are introduced into evidence, then it is the duty of the court to examine them for their sufficiency notwithstanding the introduction of a proper rendition warrant containing the jurisdictional recitals. Harris v. State,257 Ala. 3, 60 So.2d 266 (1951). And in any event, the prisoner may make a timely demand for production of the allied papers.Johnson v. State, 261 Ala. 1, 72 So.2d 863 (1954).
In both cases relied upon in the opinion of the Court of Criminal Appeals, these allied papers were introduced into evidence and were found to be insufficient to support issuance of the rendition warrant. Aldio v. State, 42 Ala. App. 653,654-55, 177 So.2d 107, 109 (1965); Meadows v. State,38 Ala. App. 319, 320, 82 So.2d 811, 811 (1955). And in Aldio, the rendition warrant itself was insufficient to establish a prima facie case. In each case, then, the prisoner was discharged not because of a failure to introduce the allied papers into evidence; but because once introduced and examined, such papers were insufficient to satisfy the statutory requirements for issuance of the rendition warrant.
Accordingly, this case is reversed and remanded.
REVERSED AND REMANDED. *Page 107 
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.