MONTIEL, Judge.
Carrie Bell Emmons appeals from the Baldwin Circuit Court’s denial of her petition for a writ of habeas corpus. She claims that she is being restrained illegally because, she says, she is in custody under a rendition warrant that is not supported by proper documentation. The following facts are relevant to our discussion of this issue.
October 31, 1992 — Criminal complaint and affidavit of victim filed in the Circuit Court of Carroll County, Illinois, alleging that the appellant committed the offenses of (1) aggravated battery by striking the victim in the face with her fist and (2) aiding and abetting a child abduction.
October 31, 1992 — -Warrant of arrest issued in Carroll County, Illinois, for the appellant on the charges of aggravated battery and aiding and abetting a child abduction. November 30, 1992 — Amended information filed in the Circuit Court of Carroll County, Illinois, charging the appellant with (1) child abduction, (2) aggravated battery by spraying the victim with mace, and (3) armed violence.
December 10, 1992 — Fugitive from justice affidavit and arrest warrant issued by the District Court of Baldwin County, Alabama, charging the appellant with (1) aggravated battery and (2) aiding and abetting a child abduction. This warrant was nol-prossed before April 9, 1993, the date of the hearing on the petition for a writ of habeas corpus.
December 14, 1992 — Petition for a requisition for the rendition of the appellant to the Governor of the State of Illinois filed by the District Attorney of Carroll County, Illinois. This petition was based on the amended information that alleged that the appellant was charged with the offenses of (1) child abduction, (2) aggravated battery, and (3) armed violence.
January 4, 1993 — Requisition warrant from the governor of Illinois to the governor of Alabama issued based on charges in the amended information.
March 29, 1993 — Governor of Alabama executed a rendition warrant based on charges listed in the amended information.
The law relevant to this issue is thoroughly explained in Rayburn v. State, 366 So.2d 698 (Ala.Crim.App.1978), aff'd, 366 So.2d 788 (Ala.1979). In Rayburn, Judge Bowen wrote
“In Alabama, no requisition warrant for the arrest and return of a fugitive from justice shall be recognized by the governor of this state unless the demand is in writing and accompanied by a ‘copy of an indictment found, or by an information supported by affidavit ... or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon.’ Section 15-9-31, Code of Alabama 1975. Before a rendition warrant is issued, the documents presented by the demanding state must show, among other things, that the accused is ‘lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by an affidavit made before a magistrate in that state, with having committed a crime under the laws of that state’. Section 15-9-33, Code. These two sections operate as a guide and basis for the issuance of a warrant of extradition and must be read together. State v. Rogers, 30 Ala.App. 515, 518, 9 So.2d 758 (1942).
“A prima facie case of legal detention is made out when the rendition warrant recites:
“ ‘(1) that there was a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled, (2) that the requisition was accompanied by a copy of an indictment found, or an information or an affidavit before a magistrate, substantially charging the person demanded with a crime under the laws of the state from whose justice he fled, and (3) that the copy of the indictment, information or affidavit was authenticated by the executive authority making the demand.’ Morrison v. State, 258 Ala. 410, 63 So.2d *614 346 (1953); State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941).
“Thus where the rendition warrant recites all the above jurisdictional facts, a copy of the indictment, information, or affidavit need not accompany the rendition warrant itself. Morrison, supra; Chavers v. State, 41 Ala.App. 585. 143 So.2d 187, cert. denied, 273 Ala. 705, 143 So.2d 190 (1962); State v. Smith, 32 Ala.App. 651, 29 So.2d 438 (1947); Pool v. State, 16 Ala.App. 410, 78 So. 407, cert. denied, 202 Ala. 13, 79 So. 311 (1918). Without a showing to the contrary the courts must presume that the governor acted properly in issuing the rendition warrant. Harrison v. State, 38 Ala. App. 60, 77 So.2d 384, cert. denied, 262 Ala. 701, 77 So.2d 387 (1954); Denson v. State, 36 AlaApp. 216, 57 So.2d 830, cert. denied, 257 Ala. 184, 57 So.2d 832 (1951).
“When the rendition warrant recites all the above jurisdictional facts, it is not necessary for the establishment of a prima facie case that the requisition warrant and the supporting papers be introduced into evidence. Shirley, supra, citing Stinson v. State, 43 Ala.App. 27, 179 So.2d 94 (1965); State v. Freeman, 42 Ala.App. 240, 160 So.2d 12 (1964); Denson v. State, 36 Ala. App. 216, 57 So.2d 830 (1951); State v. Knight, 31 Ala.App. 174, 14 So.2d 159 (1943). However if the supporting papers are introduced into evidence it becomes the duty of the court to examine them for their sufficiency notwithstanding the introduction of a proper rendition warrant reciting the necessary jurisdictional facts. Harris v. State, 257 Ala. 3, 60 So.2d 266 (1951); Aldio v. State, 44 Ala.App. 303, 208 So.2d 212 (1967); Kelley v. State, 30 Ala.App. 21, 200 So. 115 (1941).
“The prima facie presumption that the governor issued a rendition warrant on proper authority which is established by the introduction into evidence of the rendition warrant reciting the proper jurisdictional facts is rebutted where the state goes further and introduces allied papers accompanying the requisition of the governor of the demanding state and these allied papers show on their face that they are insufficient to support the requisition. Baugh v. State, 275 Ala. 319,154 So.2d 674 (1963). Even if the rendition warrant is sufficient, a defect in supporting papers will rebut the prima facie case established by that warrant. State v. West, 42 Ala.App. 678, 178 So.2d 182 (1965); Kelley, supra.”
366 So.2d at 702-703.
Although the rendition warrant in this case is technically sufficient, we must examine the supporting documents introduced into evidence. The charging instrument that accompanied the requisition warrant in this case was the amended information. The amended information charged the appellant with 1) child abduction, 2) aggravated battery, and 3) armed violence. The supporting affidavit charged 1) aggravated battery and 2) aiding and abetting a child abduction. There are absolutely no allegations or facts in the affidavit relating to the charge of armed violence. The facts in the affidavit relating to the aggravated battery charge differ from those recited in the aggravated battery count in the amended information. The affidavit states that the appellant committed the offense of aggravated battery by striking the victim in the face with her fist and the amended information charges that the appellant sprayed the victim with mace. “The requirement that the information be supported by affidavit to the facts can only mean by affidavit to the facts supporting the particular information.” Rayburn, 366 So.2d at 705. Thus, the affidavit in question cannot be considered to support the charges in the amended information.
Although the offense charged in the complaint and affidavit is referred to as “aiding and abetting a child abduction” and the offense in the amended information is referred to as “child abduction,” it appears that these offenses are one and the same because both documents cite the same section of the Illinois Revised Statutes, i.e., the Aiding and Abetting Child Abduction Statute, as the section the appellant violated. However, the part of the affidavit that addresses the “child abduction” offense is clearly insufficient to support the rendition warrant. The relevant portion of the affidavit reads as follows:
*615 “Carol Rabón, being first duly sworn on oath states that on or about October 31, 1992, in Carroll County, State of Illinois, Carrie Emmons committed the offense of
[[Image here]]
“AIDING AND ABETTING A CHILD ABDUCTION
“Class 4 Felony
“in that she, during the commission of the child abduction of E.R. and with the intent to facilitate the child abduction of E.R. did intentionally aid Jeffrey Rabón in the commission of the child abduction of E.R., in violation of paragraph 10-7(a)(i), chapter 38, Illinois Revised Statutes.”
(R. 27.) This portion of the affidavit is similar to the affidavit in Rayburn. In that case, the affidavit merely recited that “ ‘L. Harper being duly sworn complains and says’ that on a given date the appellant committed a specified crime.” 366 So.2d at 704. This court held that the affidavit in Rayburn was insufficient because L. Harper is never identified and “[t]he complaint is not made on information and belief nor is any source or detail of the information set forth.” 366 So.2d at 704.
‘“Where the [extradition] proceeding is based on an affidavit, the affidavit must contain facts from which the governor of the asylum state may determine that there is probable cause to believe that the person demanded committed the crime with which he is charged; it should set forth the facts and circumstances relied on to prove the crime, or it must set out the alleged crime with sufficient explicitness to apprise the governor who receives it of the facts which constitute the offense, while an indictment is prima facie evidence of probable cause.’ 35 C.J.S. Extradition § 14(7).”
Rayburn, 366 So.2d at 704-05, quoting Kirkland v. Preston, 385 F.2d 670 (D.C.Cir.1967). “[A]n affidavit delivered to the chief executive of the asylum jurisdiction does not succeed in ‘charging’ a crime for purposes of extradition unless the affidavit sets out facts which justify a Fourth Amendment finding of probable cause.” Rayburn, 366 So.2d at 705. The affidavit in this case merely states that the appellant committed the crime of aiding and abetting a child abduction. It does not set out facts that would support a finding of probable cause and, thus, it is insufficient to support the amended information.
In Rayburn, this court held that even though the affidavit supporting the information was insufficient, the affidavit was not necessary in that case. Because the law of California — the state seeking extradition in Rayburn — required a finding of probable cause before an information was issued, the information “furnished a sufficient basis for the issuance of the rendition warrant by the governor of this state.” Rayburn, 366 So.2d at 707.
Ill.Rev.Stat., ch. 725, para. 5/111-2 (1992), provides:
“Commencement of prosecutions, (a) All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109-3 and at that hearing probable cause to believe the defendant committed an offense was found, and the provisions of Section 109-3.1 of this Code have been complied with.”
Thus, under Illinois law, an information can issue only after a finding of probable cause or after a defendant has waived a preliminary hearing. Because the appellant was considered a fugitive from justice, she could not possibly have waived a preliminary hearing; and there must have been a finding of probable cause before the amended information was issued. Therefore, the affidavit in this case was not necessary to support the amended information and the amended information provided sufficient support for the governor to issue the rendition warrant.
The judgment is affirmed.
AFFIRMED.
All the Judges concur.