82 So.2d 811

Hollis Leo MEADOWS

v.

STATE.

7 Div. 370.

Court of Appeals of Alabama.

Oct. 11, 1955.

W. M. Beck, Fort Payne, for appellant.

320

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a judgment denying appellant's discharge in a habeas corpus proceeding.

The appellant was arrested by the Sheriff of DeKalb County pursuant to a rendition warrant issued by the Governor of Alabama, and we gather from the rendition warrant that the appellant is charged in the State of Michigan with the crime of embezzlement.

The proceedings below were highly informal. No answer was filed by the Sheriff, though the appellant objected to entering upon the hearing until an answer was filed. However, since this cause must be reversed on other grounds we pretermit consideration of whether reversible error resulted from this instance as insisted by counsel for appellant.

In the proceedings below the State introduced in evidence the rendition warrant issued by the Governor of Alabama, and in addition a large array of other documents.

■ These allied papers having been introduced in evidence it becomes our duty to examine their sufficiency to support the issuance of the rendition warrant. Pierce v. Holcombe, 37 Ala.App. 305, 67 So.2d 278; Harris v. State, 257 Ala. 3, 60 So.2d 266.

■ It is to be noted that the only document in the record signed by the Governor of Michigan is one appointing an agent to receive the appellant from the Alabama authorities and convey him to Michigan. In other words, no request for requisition by the Governor of Michigan appears in the record. This in itself would cause a reversal of this cause, in that Section 50, Title 15, Code of Alabama 1940, provides that:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found * * *."

■ A further error infecting this record results from the reception in evidence over appellant's well grounded objections of an alleged copy of an affidavit and warrant issued by the judge of the Recorders Court of the City of Detroit charging appellant with embezzlement under the laws of Michigan.

These papers are in nowise certified to be true and correct.

Section 50, supra, provides in addition to the excerpt above copied, that the indictment, information, or affidavit accompanying the request for requisition "must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

No authentication of the affidavit and warrant as above required appearing in the record, and they not being admissible under any other rule of evidence, the admission of these documents into evidence was error.

Reversed and remanded.