178 So.2d 182

**STATE**

v.

**Denzil WEST.**

**7 Div. 800.**

Court of Appeals of Alabama.

Aug. 17, 1965.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for appellant.

Beck & Beck, Fort Payne, for appellee.

JOHNSON, Judge.

This is an appeal by the State from a judgment of the DeKalb County Court granting petitioner's discharge in a habeas corpus proceeding.

The petitioner was arrested by the Sheriff of DeKalb County pursuant to a rendi-

tion warrant issued by the Governor of Alabama ordering his return to the State of South Carolina to answer a charge of armed robbery.

In this proceeding the solicitor introduced in evidence, over petitioner's objection, the rendition warrant issued by the Governor of Alabama and the requisition from the Governor of South Carolina, together with other supporting documents. Included in the supporting documents were an affidavit and a warrant of arrest issued thereon, which purport to be issued by authorities in South Carolina. Petitioner objected to the introduction of the affidavit and the warrant on the ground, among others, that they were not duly authenticated. Petitioner moved for his discharge on the ground that the documents received in evidence were insufficient to authorize the Governor of Alabama to issue the rendition warrant. The motion was granted.

That portion of the requisition from the Governor of South Carolina pertinent to this appeal is as follows:

"TO HIS EXCELLENCY THE GOVERNOR OF ALABAMA

"IT APPEARS from the attached *EXTRADITION AND SUPPORTING DOCUMENTS, ARREST WARRANT*, CERTIFICATE FOR which are hereby certified to be authentic and in accord with the laws of this State, that Denzil West stands charged with the crime of ARMED ROBBERY in South Carolina, and it has been represented to me that he has fled from the justice of this State and taken refuge in the State of Alabama.

"Therefore, pursuant to the Constitution and Laws of the United States in such cases, I request that you cause Denzil West to be apprehended and delivered to Sheriff I. Byrd Parnell and/or who is hereby authorized to receive him and convey him to the State of South Carolina, there to be dealt with according to law.

"WITNESS MY HAND and the seal of the Executive Department of South Carolina, affixed at Columbia, this 13th day of August in the year of our Lord, one thousand nine hundred sixty-four, and in the Independence of the United States of America the one hundred eighty-ninth." (Emphasis added.)

The rendition warrant issued by the Governor of Alabama recites in relevant part:

"WHEREAS, His Excellency, Donald Russell, Governor of the State of South Carolina, by requisition dated the 13th day of August, 1964 has demanded of me, as the Governor of the State of Alabama, the surrender of Denzil West who, it appears, is charged by *arrest warrant*, in the County of Sumter in said State, with the crime of ARMED ROBBERY (a duly certified copy of which *Warrant of Arrest* accompanies said requisition) and it appearing that said Denzil West has fled from justice in said State and taken refuge in the State of Alabama." (Emphasis added.)

■ Before the governor of the asylum state is authorized to issue a rendition warrant there must be a concurrence of three jurisdictional conditions: (1) There must be a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled; (2) The requisition must be accompanied by a copy of an indictment found, or an information, or an affidavit made before a magistrate, charging the person demanded with a crime under the laws of the state from whose justice he is alleged to have fled; (3) The copy of the indictment, information or affidavit must be duly authenticated by the executive authority making the demand Sections 50, 52, Title 15, Code 1940.

■ A prima facie case for the legal detention of the petitioner is established by the introduction of the rendition warrant,

if it contains all the necessary jurisdictional recitals. See 10 Ala.Digest, Extradition ⟐38, for numerous authorities.

■ The rendition warrant issued here by the Governor of Alabama is insufficient to establish prima facie the legal detention of petitioner in that it fails to recite that the requisition from the demanding state was accompanied by an authenticated copy of an indictment, or information supported by affidavit, or an affidavit made before a magistrate. Baugh v. State, 275 Ala. 319, 154 So.2d 674.

■■ Even if the rendition warrant is defective on its face, if it is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for the issuance of the warrant, then the petitioner is not illegally restrained. Harris v. State, 257 Ala. 3, 60 So.2d 266; while even if the rendition warrant is sufficient, a defect in the supporting papers would rebut the prima facie case established by the rendition warrant. Meadows v. State, 38 Ala.App. 319, 82 So.2d 811.

An affidavit charging petitioner with armed robbery, and a warrant issued pursuant thereto, were introduced in evidence in the proceeding below as supporting documents. The alleged affidavit was made by one who designates himself after his signature as the Sheriff of Sumter County, South Carolina, and was taken before one who designates himself after his signature as a "magistrate." This affidavit, and the warrant of arrest issued pursuant thereto, appear to have been executed on September 14, 1964. The requisition from the Governor of South Carolina, which recites that supporting documents attached thereto are "certified to be authentic," was executed on August 31, 1964, thirty-one days before the accompanying affidavit and warrant of arrest were executed.

■■ In our opinion, a document which purports to certify as authentic another document not in being, but which is executed subsequent to the attempted authentication, can not be given legal effect as an authentication of the subsequently executed document. Further, as the governor of the demanding state here certified in his requisition as authentic merely the attached "supporting documents" and "arrest warrant," and as such authentication occurred before the affidavit and warrant of arrest introduced in the proceeding below were executed, we cannot say with certainty that it was his intent to authenticate such affidavit and warrant of arrest.

We conclude that the papers introduced in evidence do not show that the Governor of Alabama had before him a *duly authenticated* copy of an indictment, information supported by affidavit, or affidavit before a magistrate. Thus, the record fails to show that petitioner is prima facie under legal restraint, and it results that an affirmance of this cause must be ordered.

Affirmed.

CATES, J., concurs in result.