315 So.2d 607

**Billy Dale CROWELL**

v.

**STATE.**

**6 Div. 923.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

C. Michael Stilson, Thompson & Stilson, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from a judgment of the Circuit Court of Tuscaloosa County denying appellant's petition for a writ of habeas corpus.

Appellant was held by the sheriff under a rendition warrant issued by Honorable George C. Wallace, Governor of Alabama, at the request of Honorable Edwin Edwards, Governor of Louisiana.

There are a number of allied documents attached to the rendition warrant but none of these documents were properly *authenticated by the executive authority of the demanding state.*

Title 15, Section 50, Code of Alabama 1940, provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; *and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth.*" (Emphasis supplied).

The only document in this record signed by the Governor of Louisiana is as follows:

"STATE OF LOUISIANA
EXECUTIVE DEPARTMENT

"To All to Whom These Presents Shall Come Greetings:

"Whereas, *Billy Dale Crowell* stands charged in the Parish of *Acadia* in this State, with the crime of *attempted armed robbery* and it has been represented to

me that *Billy Dale Crowell* has fled from justice and has taken refuge in the State of *Alabama*.

"And Whereas, agreeably to the Constitution of the United States and an Act of Congress passed February 12, 1793, I have made application to his Excellency the Governor of the State of *Alabama* for the surrender of the said *Billy Dale Crowell* fugitive from justice, and have also, in accordance with law, appointed *Sheriff Elton A. Arceneaux and/or one of able Deputy Sheriffs of the Parish of Acadia* agent on the part of the State of Louisiana, for the purpose of receiving the Said *Billy Dale Crowell* from the constituted authorities of the State of *Alabama* whenever *he* shall have been surrendered in accordance with such application, and bringing *him* into this State to be dealt with according to law. "These are therefore to request and require all persons to permit the said *Sheriff Elton A. Arceneaux and/or one of able Deputy Sheriffs of the Parish of Acadia* Agent, to execute the trust herein imposed upon *them* and to render all lawful necessary assistance in the premises.

"This State will not be responsible for any expense attending the execution of the Requisition for the arrest and delivery of fugitives from justice.

"In testimony Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Louisiana, this *30th* day of *July, 1973*.

"s/ *Wade O. Martin, Jr.*
Secretary of State

s/ *Edwin Edwards*
Governor of Louisiana

"Impression of the Great Seal of the State of Louisiana"

A requisition warrant from the Chief Executive of a demanding state which contains nothing more than the names of designated agents to receive the prisoner upon his deliverance from the State of Alabama is wholly insufficient and cannot be honored. *Lofton v. State,* 46 Ala.App. 229, 239 So.2d 901; *Meadows v. State,* 38 Ala. App. 319, 82 So.2d 811; *Kelley v. State,* 30 Ala.App. 21, 200 So. 115; *Aldio v. State,* 42 Ala.App. 653, 177 So.2d 107; *McGahagin v. State,* 41 Ala.App. 236, 131 So. 2d 425.

We have carefully examined the allied documents and conclude they do not save this defective warrant because they were not properly authenticated by the executive of the demanding state.

To uphold this requisition warrant would do violence to the plain language of Title 15, Section 50, supra.

As this court said in *Martin v. State,* 50 Ala.App. 1, 276 So.2d 149:

"This matter would have been so simple if the Governor of Louisiana in his request for extradition had just stated: 'it appears from the annexed documents, which are hereby certified to be authentic, that Newton H. Martin stands convicted of the crime of armed robbery committed in the Parish of Orleans in this State, and it has been represented to me that said convict was present in this State at the time of the commission of said crime and thereafter, while confined in Louisiana State Penitentiary, said fugitive from justice escaped confinement and has fled from the justice of this State, and has taken refuge in the State of Alabama.'"

For the foregoing reasons, the judgment appealed from is due to be reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.