HARRIS, Presiding Judge.
This is an appeal from a judgment denying appellant’s discharge in a habeas corpus proceeding and also from a denial of bail pending appeal.
Section 15-9-31, Code of 1975 provides: “No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found, or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth. (Acts 1931, No. 482, p. 559; Code 1940, T. 15, § 50.)”
Section 15-9-33, Code of 1975, is as follows:
“A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and *104 supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole. (Acts 1931, No. 482, p. 559; Code 1940, T. 15, § 52.)”
We have carefully examined the record in this case and nowhere is there to be found the requisition warrant from the Governor of the demanding State. This omission in and of itself is sufficient to work a reversal of this case.
The requirements of the above-quoted Code provisions were not in any manner complied with and we are bound by the record submitted to this Court.
We also note that there is no return by the Sheriff to the writ of habeas corpus issued in this case showing by what authority the Sheriff was holding petitioner.
The only official document appearing in this record is the rendition warrant signed by the Governor of Alabama. This, without more, fails to meet the requirements in extradition cases.
Under authority of Meadows v. State, 38 Ala.App. 319, 82 So.2d 811, and Aldio v. State, 42 Ala.App. 653, 177 So.2d 107, this case is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and Remanded.
All the Judges concur.