Certiorari was granted to review the decision of the Court of Criminal Appeals affirming the denial of a writ of habeas corpus. We affirm.
The facts are briefly stated in the decision of the Court of Criminal Appeals. Petitioner asserts that he is being held under an extradition warrant illegally because the supporting papers do not meet the requirements of the law. The Court of Criminal Appeals found that the supporting papers were sufficient, and we agree.
Petitioner's sole contention on certiorari is that the Court of Criminal Appeals erred in taking "judicial notice" that the laws of a foreign state, California, are different from the laws of Alabama. He argues that foreign law is presumed to be the same as the law of Alabama in the absence of proof to the contrary.
In answering petitioner's contention, we take note that the Alabama Rules of Civil Procedure apply to habeas corpus proceedings to the extent that the practice in this matter is not provided by statute. Rule 81 (a)(13), ARCP. Rule 44.1, ARCP, states that a determination of foreign law is a question of law. Foreign law no longer must be pleaded and proved as a fact. Goodman v. Director of the Department of Public Safety,332 So.2d 396 (Ala.Civ.App. 1976).
Since it is a question of law, a determination of foreign law is subject to review on appeal by the appropriate appellate court and on certiorari by the Supreme Court. See 9 C. Wright 
A. Miller, Federal Practice and Procedure: Civil § 2446 (1971).
The Court of Criminal Appeals was faced with the question of the sufficiency under Alabama law of the supporting papers accompanying the rendition warrant. It determined that there was neither an indictment nor a proper affidavit made before a magistrate among the supporting papers. The court did find that there was an information which was not supported by an affidavit to the facts, but held that the information alone was sufficient. To reach this conclusion, the court necessarily had to determine the relevant California law regarding an information.
All appellate courts must, through research, obtain knowledge of their own state's legislative acts and judicial decisions *Page 710 
in order to interpret statutes and apply the law to the facts. This is not "judicial notice," as that term is used in the law of evidence, but may be more properly characterized as "judicial knowledge" gained through research. The determination of what is the forum state's law is a fundamental part of the judicial function.
There is no justification, other than the notice requirements of Rule 44.1, for treating a question of a foreign state's law any differently from a question of the laws of Alabama. Committee Comment, Rule 44.1, ARCP. See C. Wright A. Miller, supra, § 2446. Determination of foreign law, like any other question of law before an appellate court, may be resolved by reference to the foreign state's statutory and case law.
Our own research reveals that the California law in effect during all phases of this proceeding was, and is now, the same as that construed in In re Moore, 2 Mass. App. 399,313 N.E.2d 893 (1974), the case cited and relied upon by the Court of Criminal Appeals.
We agree with the Court of Criminal Appeals that an affidavit supporting the information is not necessary in the instant case because California law requires a hearing and a finding of probable cause before an information may issue. Cal.Penal Code §§ 739, 858-872 (West 1970 Supp. 1978). The California procedure fulfills the purpose of an affidavit, which merely serves to ensure good faith in the initiation of the prosecution. Pierce v. State, 38 Ala. App. 97, 77 So.2d 507
(1954), cert. denied, 262 Ala. 702, 77 So.2d 512 (1955).
For the foregoing reasons, the decision of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.