TYSON, Judge.
This was an appeal from a judgment denying appellant’s discharge in a habeas corpus proceeding after a hearing on extradition papers from the State of Florida.
The State of Florida, through its Governor, has sent a requisition warrant, accompanied by an information from the State’s attorney for the Fourteenth Judicial Circuit of Florida, which information is in two *958 counts. The first count charged Billy Battles with obtaining a vehicle with intent to defraud, and the second charged Billy Battles with passing a worthless check. Both of these counts arise according to the information from the same transaction in which Billy Battles obtained a 1974 Ford, Serial Number 4N54H118242, from a dealer in Florida by the name of Larry L. Stimmett. The information asserts that the check given Stimmett was on a closed bank account.
The second count of the information asserts that Billy Battles did, on July 1, 1979, in Bay County, Florida, issue a check for $1300.00 to Larry L. Stimmett, drawn on the Sand Mountain Bank of Boaz, Alabama, which check is dated July 29, 1979, knowing at the time of making, or uttering, or issuing such check that there were not sufficient funds on deposit or credit with the said bank to cover the check in question.
The trial court, pursuant to a petition for writ of habeas corpus filed by the appellant’s attorney, conducted a hearing on the validity of the extradition papers, and all of the papers from the State of Florida were placed in evidence before the Circuit Judge. The appellant testified himself and stated that he advised Mr. Stimmett that there were not sufficient funds on deposit when he discussed the purchase of the car in Bay County, Florida, on July 1, 1979, but indicated that the transaction occurred on a Sunday, and that he wanted to drive the vehicle back to Gadsden, Alabama, and would place the funds on deposit to cover the check. He said he so advised Stimmett at the time. The appellant contended that Stimmett allowed him to drive the 1974 Ford back to Gadsden with this understanding, and that he subsequently developed car trouble in driving back and contacted Mr. Stimmett in Florida and so advised him.
The appellant also admitted on cross-examination that he later sold the automobile to one Charlie New.
In resisting the extradition to Florida, the appellant, through his counsel, calls the attention of this Court to the provisions of § 15-9-31 and § 15-9-33, Code of Alabama 1975, which are as follows:

“§ 15-9-31. Form of Demand.

“No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found, or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth.”

“§ 15-9-38. What supporting documents to show.

“A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.”
Specifically, counsel for the appellant calls our attention to the fact that there is no affidavit attached to the information which is contained in the extradition papers; and, secondly, that the affidavit, which is made by an investigator of the office of the state’s attorney in Bay County, Florida, is dated eleven days after the information, and is attached to the “application for requisition,” which is dated August 30, 1979, some ten days after the information contained in the extradition papers. *959 Appellant’s counsel also calls our attention to the fact that the investigator who signed the affidavit has “no personal knowledge of the facts alleged,” nor does the affidavit disclose the source of the information or the reliability of the source.
Finally, counsel asserts that such affidavit is a conclusionary affidavit and that, in order for an information to be valid, such should be accompanied by a sworn affidavit by the party having personal knowledge of the facts asserted.
I
Where, as here, the allied papers accompanying the requisition warrant from the Governor of a foreign state are placed in evidence at the habeas corpus hearing, then there is a duty on the part of the trial court and -the appellate court on subsequent review to look to their legal sufficiency to justify the issuance of the rendition warrant. Aldio v. State, 44 Ala.App. 303, 208 So.2d 212 (1967); Martin v. State, 50 Ala.App. 1, 276 So.2d 149 (1973); Watson v. State, 30 Ala.App. 184, 2 So.2d 470 (1941); and Meadows v. State, 38 Ala.App. 319, 82 So.2d 811 (1955).
Section 15-9-31, Code of Alabama 1975, clearly requires that there shall be attached to the requisition warrant from the Governor of the foreign state a certified copy of any indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by copy of an affidavit made before a magistrate there, together with a copy of any warrant issued thereon.
The two-count information by the state’s attorney of the Fourteenth Judicial Circuit of Florida is dated and certified by the clerk of the Bay County, Florida, Court, under date of August 20, 1979. There is no affidavit or warrant attached to this information.
There is an “application for requisition” directed to the Governor of Florida by the state’s attorney of Bay County, dated, sworn to, and certified to under date of August 30, 1979, seeking the extradition of Billy Battles and asserting that there is an information which was attached, but the record does not show that there was an affidavit attached to the information. Rather, the affidavit in tKie instant cause is dated, sworn to, and certified to by the clerk of the Circuit Court of Bay County, Florida, all under date of August 31, 1979, and reads as follows (R. 48):
“IN THE COUNTY COURT IN AND FOR BAY COUNTY, FLORIDA
“STATE OF FLORIDA APPLICATION OF vs PROBABLE CAUSE BILLY BATTLES ,
“STATE OF FLORIDA COUNTY OF BAY
“Personally appeared before me, one of the Judges of the above-styled Court and a magistrate under the law of the State of Florida, Jimmy Cauley, Investigator with the Office of State Attorney, Fourteenth Judicial Circuit, Panama City, Bay County, Florida, here being first duly sworn, deposes and says under oath: “That I, Jimmy Cauley, am over the age of 18 years, a resident of the State of Florida, emancipated and competent to duly take an oath.
“That in my capacity as an investigator with the Office of the State Attorney, Fourteenth Judicial Circuit, I had the opportunity to investigate the criminal offense for which the aforesaid, Billy Battles, is charged and during the course of my investigation, I obtained the following facts:
“As to Count I: Billy Battles, on or about the 1st day of July, 1979, in County and State aforesaid, did unlawfully obtain custody of a motor vehicle by trick, deceit, fraudulent or willful false representation, with the intent to defraud the owner or any person lawfully possessing the motor vehicle, to-wit: the defendant obtained custody of a 1974 Ford, serial number 4N54H118242, from the owner thereof, Larry L. Stimmett, by fraudulently purchasing vehicle with a personal check on a closed bank account.
“As to Count II: Billy Battles, on or about the 1st day of July, 1979, in County *960 and State aforesaid, did unlawfully draw, make, utter, issue or deliver to another person a certain check or written order or draft on a bank or depository for the payment of money or its equivalent, the said defendant well knowing at the time of drawing, making, uttering, issuing or delivering of such check or written order, or draft, that the maker or drawer thereof did not have sufficient funds on deposit in or credit with the said bank or depository with which to pay the same on presentation, contrary to Florida Statutes, Section 832.05, said check or written order being in the following words and figures: “Pay to the Order of Larry L. Stimmett, in the amount of $1300.00, Thirteen hundred and 00/100, drawn bn the Sand Mountain Bank, Boaz, Alabama, dated July 29, 1979, and signed Billy Battles,” and did receive something of value in exchange therefor.
“Affiant makes this affidavit in support and in aid of the extradition of the said defendant, Billy Battles.
S/ Jimmy Caulev
Jimmy Cauley
“Sworn and subscribed before me this 31st day of August, 1979.
“S/ Don T. Sirmons
County Judge in and for
Bay County, Florida.
This Court is of the opinion that this affidavit is not sufficient in law to support the information which is dated some eleven days earlier and is not attached to such information, but, rather, is attached to an “application for requisition,” dated August 30, 1979, and directed to the Governor of Florida.
Moreover, the affidavit in question is made by the investigator for the State’s attorney’s office, and there is no showing of any personal knowledge on his part of the source, or reliability of the facts asserted in the affidavit. Nowhere in the record is there an affidavit of one Larry L. Stimmett to whom it is alleged the appellant gave a worthless check.
In this state of the record, we cannot in good conscience conclude that the State of Florida had satisfied the requirements of our statute. See Raburn v. State, Ala.Cr. App., 366 So.2d 698, affirmed, Ala., 366 So.2d 708 (1978).
The facts presented by this record under review, having failed to show that the appellant is prima facie under a legal restraint, require therefore that a reversal of this cause must be ordered.
REVERSED AND REMANDED.
All the Judges concur.