JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Overton David Johnson, filed a petition for a writ of habeas corpus in the Circuit Court of Etowah County against the State of Alabama on January 21, 1981. This appeal is from a judgment denying appellant’s discharge after a hearing of his petition.
The State of North Carolina, through its Governor, sent a requisition warrant, accompanied by copies of required documents, as follows: Application for requisition of Ronald C. Brown, District Attorney, Post Office Box 7158, Asheville, North Carolina, *516 28807; application, certification, statutes, arrest warrant, affidavit, allied papers to the Governor of the State of Alabama. The Governor of the State of Alabama issued a rendition warrant for the extradition of the appellant to the State of North Carolina.
The question presented to this Court by the appellant in his brief is that the supporting papers are insufficient to support extradition because the warrant of arrest is not based on an adequate or timely affidavit, therefore the trial court erred to his prejudice when it refused to grant the relief asked in his petition.
At the trial on the petition for the writ of habeas corpus the requisition warrant, and all of the accompanying papers from the State of North Carolina were filed in evidence, together with the rendition warrant issued by the Governor of Alabama.
The appellant testified, in substance, that he had arranged for the payment of $2,800.00 for the automobile he purchased from Apple Tree Chevrolet of Enke, North Carolina by a draft drawn on the East Gadsden Bank of Gadsden, Alabama. That Mr. George Taylor, Manager of the Apple Tree Chevrolet, talked over the telephone with a representative of the East Gadsden Bank, and after the conversation, stated to the appellant that the bank would honor the draft, and Apple Tree Chevrolet would look to the bank for its money, and for the appellant to take the car back to Alabama with him. That before the draft was paid the East Gadsden Bank was taken over by the Central Bank Of Alabama. That appellant sold the automobile, and the East Gadsden Bank financed it, and that appellant gave the East Gadsden Bank a mortgage on his property to secure debts that appellant owed East Gadsden Bank. That appellant did not know the East Gadsden Bank was about to be taken over by the Central Bank Of Alabama. That the appellant was aware of the fact that Apple Tree Chevrolet Company was never paid the purchase price of the automobile.
Code Of Alabama, 1975, Sec. 15-9-31 provides:
“No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found, or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth.” (Emphasis Supplied)
At the trial the appellant pointed out to the trial court that the supporting papers were not sufficient to support extradition because the warrant of arrest was not based on an adequate or timely affidavit.
We set out in full the certificate of Gary L. Childers, Magistrate, the warrant of arrest issued by Gary L. Childers, Magistrate, and affidavit of Jack P. LeBeau, Detective.
“FORM GOV. 1-A
“STATE OF NORTH CAROLINA
“STATE OF NORTH CAROLINA CERTIFICATE
COUNTY OF BUNCOMBE
“I, GARY L. CHILDERS, a duly appointed, qualified and acting Magistrate, or _, of Buncombe_, North Carolina, Proper Official County Asheville. North Carolina 28807. do hereby certify that the foregoing is a true Address
*517 and correct copy of (1) the WARRANT issued by me on December 2,1980, against David Johnson, charging the said subject with the crime of False Pretense, and (2) THE AFFIDAVIT on which the Warrant was issued.
“IN TESTIMONY WHEREOF, I have hereunto set my hand, this the 16th day of December, 1980.

“to any officer with authority and territorial jurisdiction to execute a warrant for arrest of the offense charged below:
“THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE that on or about the 22 day of OCTOBER, 1980, in the county named above, the defendant named above did unlawfully, willfully, and felon-iously AND KNOWINGLY AND DESIGNEDLY WITH THE INTENT TO BEAT AND DEFRAUD OBTAIN A 1977 CHEVROLET CAPRICE CLASSIC 2 DOOR, VIN # IN47U7J186739 FROM APPLE TREE CHEVROLET, INC. ASHEVILLE, N.C. WITHOUT MAKING PROPER COMPENSATION OR BONA FIDE ARRANGEMENTS FOR COMPENSATION. THIS PROPERTY WAS OBTAINED BY MEANS OF PRESENTING A FALSE BANK DRAFT ON EAST GADSDEN BANK, EAST GADSDEN, ALABAMA FOR PAYMENT OF THE CAR. THIS BANK DRAFT WAS NOT HONORED AND WAS NOT NEGOTIABLE., WHEN IN FACT THE DEFENDANT KNEW THAT THE BANK DRAFT PRESENTED TO APPLE TREE CHEVROLET, INC., FOR PAYMENT WAS FALSE. THE PRETENSE MADE WAS CALCULATED TO DECEIVE AND DID DECEIVE. THIS ACT WAS
in violation of the following Law: G.S. 14-100
“YOU ARE DIRECTED TO ARREST THE DEFENDANT NAMED ABOVE AND BRING HIM WITHOUT UNNECESSARY DELAY BEFORE A JUDICIAL OFFICIAL TO ANSWER THE CHARGES SET OUT ABOVE.
Issued this 2 day of DECEMBER, 1980, upon information furnished under with by the complainant or complainants named below.

*518

“I, Jack P. LeBeau, being first duly sworn, do hereby state the following facts:
“I am a Detective with the Buncombe County Sheriff’s Department, located in Asheville, North Carolina. On October 22, 1980, I interviewed Mr. George Taylor, the used car manager with Apple Tree Chevrolet, 205 Smokey Park Highway, Enka, North Carolina in reference to a false pretense incident involving the above captioned defendant, DAVID JOHNSON.
“Mr. Taylor reported to me that on October 22, 1980, at approximately 10:00 AM, the defendant approached him regarding the purchase of a used car. The defendant stated at that time that he was the owner of a used car dealership located in Rainbow City, Alabama. After test driving several vehicles Mr. Johnson decided to purchase one (1) 1977 Chevrolet Caprice Classic, 2 door, VIN # IN47U7J186739. At that time ail the necessary paperwork was drawn up *519 and signed and Mr. Johnson presented a bank draft in the amount of $2,800.00 upon East Gadsden Bank, Gadsden, Alabama for payment of said vehicle. Upon completion of this transaction Mr. Johnson stated that he was returning to Alabama. Mr. Taylor presented the bank draft to Wachovia Bank in Asheville, North Carolina, and he was then notified by said bank that the East Gadsden Bank in Alabama would not honor the draft and that same was not negotiable.
“A complaint was filed with myself by Mr. Taylor for False Pretense Charges and subsequently I charged David Johnson and sent a certified copy of the Buncombe County warrant for False Pretense to Etowah County, Alabama. This warrant was served upon the defendant in Alabama by a Chief Williamson of the Rainbow Police Department, Alabama.
“THIS the 17 day of December, 1980.
1 Jack P. Le Beau_
Jack P. LeBeau, Detective
“SWORN TO AND SUBSCRIBED TO BEFORE ME ON THE 17 DAY OF DECEMBER, 1980.
“Pauline P. Hawkins_ Magistrate”
In this case all allied papers accompanying the requisition warrant from the Governor of the State of North Carolina, together with the rendition warrant issued by the Governor of the State of Alabama, were placed in evidence at the habeas corpus hearing, therefore it is the duty of the trial court, and this Court on appeal, to examine them and look to their legal sufficiency to justify the issuance of the rendition warrant. Shirley v. State, Ala. 363 So.2d 104; Ala.Cr.App. 363 So.2d 103; Ala.Cr.App. 363 So.2d 107.
Section 15-9-31, Code Of Alabama, 1975, clearly states that there shall be attached to the requisition warrant from the Governor of the foreign state a certified copy of an indictment found or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon.
The certificate dated December 16, 1980 of Magistrate Gary L. Childers is attached to the copy of the affidavit of Jack P. LeBeau, dated December 17, 1980, and to a copy of a warrant of arrest issued by Gary L. Childers on December 2,1980, and recites that “the foregoing is a true and correct copy of (1) the warrant issued by me on December 2, 1980, against David Johnson, charging the said subject with the crime of false pretense and (2) the affidavit on which the warrant was issued.”
The warrant of arrest of the appellant was issued on December 2, 1980 by Magistrate Gary L. Childers of the State of North Carolina. The affidavit of Jack P. LeBeau was executed on December 17, 1980 before Pauline P. Hawkins, a Magistrate of North Carolina, some 15 days after the warrant was issued.
We hold that the requirements of Alabama Code, 1975, Sec. 15-9-31 have not been complied with, as required by our statute, in this case because the warrant of arrest was issued some 15 days before the affidavit of Jack P. LeBeau was made. The appellant is not lawfully charged with a crime in the State of North Carolina. Therefore, a reversal of this cause should be ordered. Battles v. State, Ala.Cr.App. 389 *520 So.2d 957; Certiorari Denied, Ala. 389 So.2d 960.
It is, therefore, ordered that this cause be, and it is hereby, reversed and remanded.
The foregoing opinion was prepared by Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.