BOWEN, Presiding Judge.
Hester was arrested upon a rendition warrant issued by the Governor of Alabama and directing his extradition to Mississippi. He was placed in the Franklin County Jail to await extradition and from there filed a petition for writ of habeas corpus. After a hearing on the matter, his petition was denied. Two issues are raised on appeal.
I
The rendition warrant and related documents were sufficient to authorize Hester’s detention.
The rendition warrant, issued October 26, 1982, recites in pertinent part:
“Whereas, His Excellency, William F. Winter, Governor of the State of Mississippi, by requisition dated the 20th day of October, 1982, has demanded of me, as Governor of the State of Alabama, the surrender of CHARLES HESTER, who, it appears, is charged by COPIES OF INDICTMENT AND RELATED DOCUMENTS in the County of FRANKLIN in said State, with the crime of BURGLARY AND LARCENY (a duly certified copy of which COPIES OF INDICTMENT AND RELATED DOCUMENTS accompanies said requisition) and it appearing that said CHARLES HESTER has fled from justice in said State and taken refuge in the State of Alabama.”
*2 On its face, this warrant contains the jurisdictional facts required by Sections 15-9-35, 15-9-31 and 15-9-33, Code of Alabama 1975, and therefore establishes prima facie authority for Hester’s detention. See Rayburn v. State, 366 So.2d 698 (Ala.Cr.App. 1978), affirmed, 366 So.2d 708 (Ala.1979); Peacock v. State, 48 Ala.App. 391, 265 So.2d 175, cert. denied, 288 Ala. 748, 265 So.2d 180 (1972), cert. denied, 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973).
Upon review of the requisition warrant and accompanying papers [1], however, it becomes apparent that the rendition warrant contains an error. Hester was actually charged with burglary and larceny in Itawamba County, Mississippi, rather than Franklin County, Mississippi.[2] It is obvious that this is a mere clerical error having its origin in the fact that Hester was a resident of Franklin County, Alabama, at the time the rendition warrant was issued. In our judgment, this error does not affect the validity of the rendition warrant. Moreover, even serious defects in a rendition warrant may be cured by the introduction of a requisition warrant and supporting papers which show the correct facts. See Harris v. State, 257 Ala. 3, 60 So.2d 266 (1951); Martin v. State, 50 Ala.App. 1, 276 So.2d 149 (1973); State v. West, 42 Ala.App. 678, 178 So.2d 182 (1965). The error in the rendition warrant in this case was corrected by the introduction of the requisition warrant and accompanying papers which clearly showed that Hester was charged with burglary and larceny in Ita-wamba County, Mississippi.
II
Hester maintains that he was not served with the rendition warrant and related papers and therefore his incarceration in the Franklin County Jail is illegal. Section 15-9-38, Code of Alabama 1975, upon which he relies, has no bearing on this issue. That Section merely requires that, before an arrestee is delivered over to agents of the state requesting his extradition, the arrestee must be “informed of the demand made for his surrender, the crime with which he is charged, and that he has the right to demand legal counsel.” Alabama Code Section 15-9-38(a) (1975) (emphasis added). It is clear that Hester, who has not yet been delivered to the Mississippi authorities, has received the requisite information in compliance with this statute.
A rendition warrant is merely an arrest warrant issued by the Governor of this State. See Alabama Code Section 15-9-35 (1975). The language of Section 15-10-2, Code of Alabama 1975, tends to negate the existence of a requirement that an arrest warrant be served upon an arrestee. Under that statute, an arresting officer must show an arrest warrant to the person being arrested if that person so requires. Similarly, the existence of a requirement that one arrested upon a rendition warrant must be served with the related papers is negated by the following language from Johnson v. State, 261 Ala. 1, 2, 72 So.2d 863 (1954):
“(W)hile it is true that petitioner has the right to inspect the requisition and accompanying papers after demand, such demand must be reasonable as to time, place, and circumstances.”
Since an arrestee has been accorded a specific right to inspect both an arrest warrant and the documents accompanying a rendition warrant if he so requests, it follows *3 that there is no requirement that he be served with either.
We note that there has been no showing that Hester even requested to inspect either the rendition warrant for his arrest or the related papers, much less a showing that his request was denied.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. These documents were introduced by the State at the hearing. Although their introduction is not required when a rendition warrant is facially correct, Shirley v. State, 363 So.2d 104 (Ala.1978), once they have been introduced, this Court must examine the documents to determine their sufficiency. Potts v. State, 378 So.2d 264 (Ala.Cr.App.), cert. denied, 378 So.2d 267 (Ala.1979); Rayburn, supra. Accordingly, we have examined the requisition warrant issued by the Governor of Mississippi and the attached documents, which include certified copies of the indictment charging Hester with burglary and larceny and the warrant for his arrest, and find them to be in compliance with Sections 15-9-31 and 15-9-33, Code of Alabama 1975.

. We take judicial notice of the fact that there does exist a Franklin County, Mississippi. Consequently, the error in the rendition warrant is not apparent from its face.