TAYLOR, Judge.
This case represents an effort by the State of Florida to extradite the petitioner, Robert E. Mancill, from Alabama to Florida. With the request, Florida’s attorneys submitted an information, an arrest warrant charging sexual battery on a minor, an application for requisition, and an affidavit of probable cause. The Governor of Alabama has granted extradition. Mancill petitioned for writ of habeas corpus and a hearing was held thereon. The petition was denied and the case comes here on appeal from that denial.
The information, as filed, contains an error, from all appearances, a typographical error. The warrant and the affidavit charge a violation of § 794.041 of the Florida Code. However, the information *1140 charges the same crime in words but shows it to be in violation of § 794.011.
The scope of our inquiry is limited by provisions of the case of Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). We may decide (1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the request for extradition, and (4) whether the petitioner is a fugitive. In this case, the Honorable William H. Roberson, District Judge, made the following finding:
“The Court does find that the information appears to be, by the current copy of the Florida Code, Volume XXII, Pocket Part, Section 794.011, as charged in the information is erroneous, and it should have been 794.041, as was charged in the warrant, and the affidavit, apparently, was just a mistake on the part of the district attorney down there, or somebody under his control. Although I do see there was an error, I don’t, due to the fact that the warrant itself is also attached and charges the correct section, I think the defendant can be fairly apprised of what he is being charged with, especially, since the statute only left out one word when it was changed. So, I’m going to deny the habeas corpus petition....”
In Hester v. State, 444 So.2d 1 (Ala.Cr.App.1983), we held that an error naming the wrong Mississippi county was cured by the correct recitation of the name of the county in the supporting papers.
We now hold that this typographical error is not fatal to the proceeding. The error does not affect the validity of the information. It is cured by the introduction of the correct section number in the supporting papers. See Harris v. State, 257 Ala. 3, 60 So.2d 266 (1951); Martin v. State, 50 Ala.App. 1, 276 So.2d 149 (1973); State v. West, 42 Ala.App. 678, 178 So.2d 182 (1965).
AFFIRMED.
All the Judges concur.