ALMON, Justice.
U.S. Home Acceptance Corporation (“U.S. Home”) filed an action against Manufactured Housing Services, Inc. (“Manufactured Housing”), Peggy Mathews Huf-faker, and Stephen D. Huffaker, alleging that Manufactured Housing had breached its financing agreement with U.S. Home and that Manufactured Housing was currently in default. U.S. Home also alleged that, as guarantors, the Huffakers were individually liable for Manufactured Home’s indebtedness. The complaint sought the amount due under the financing agreement. U.S. Home also requested that the trial court include an award of a reasonable attorney fee as provided for in the financing agreement and the guaranty contract.
The guaranty contract, signed by the Huffakers in their individual capacities, included a provision stating: “This Guaranty and all rights, obligations and liabilities arising hereunder shall be construed according to the laws of the Commonwealth of Pennsylvania.” After hearing ore tenus evidence, the trial court entered a judgment awarding $17,615.70 against Manufactured Housing, but not against the Huf-fakers. The Huffakers’ only defense to the claim against them was that U.S. Home had not proved any Pennsylvania law that entitled it to recover on the guaranty agreements. The trial court’s order included no specific findings of fact and no mention of U.S. Home’s request for an award of attorney fees.
U.S. Home appeals, arguing that the trial court made a mistake of law in requiring U.S. Home to prove Pennsylvania law that entitled it to recover against the Huffakers in their individual capacities as guarantors. U.S. Home also argues that the contracts between the parties entitled it to recover a reasonable attorney fee and that the trial court erred in failing to award a reasonable attorney fee to U.S. Home.
With regard to the application of another state’s law in Alabama’s trial courts, Rule 44.1, Ala.R.Civ.P., states:
“The party who intends to raise an issue concerning the law of another state ... shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any *399 relevant material or source, including testimony, whether or not submitted by a party or under Rule 43. The court’s determination shall be treated as a ruling on a question of law.”
Section 12-21-65, Ala. Code 1975, states that another state’s laws “may be proved as facts.” In Rayburn v. State, 366 So.2d 708 (Ala.1979), however, this Court noted that Rule 44.1, Ala.R.Civ.P., changed the procedure prescribed by Ala.Code 1975, § 12-21-65. “Foreign law no longer must be pleaded and proved as a fact.” Rayburn, 366 So.2d at 709. The Rayburn court reasoned as follows:
“There is no justification, other than the notice requirements of Rule 44.1, for treating a question of a foreign state’s law any differently from a question of the laws of Alabama. Committee Comment, Rule 44.1, ARCP. See C. Wright & A. Miller, supra, § 2446. Determination of foreign law, like any other question of law before an appellate court, may be resolved by reference to the foreign state’s statutory and case law.”
Rayburn, 366 So.2d at 710.
In the present case, neither side relied on Pennsylvania law to support its arguments or to oppose its adversary’s arguments. Also, neither side alleged that the terms of the guaranty agreement required resort to Pennsylvania law. Neither side alleges a difference between Pennsylvania law and Alabama law that would lead to conflicting results. The only argument involving Pennsylvania law was the Huffakers’ argument that U.S. Home had to prove it as though it were an element of U.S. Home’s contract action against them.
This Court’s examination of the guaranty agreement reveals not the slightest ambiguity, conflict, or question. The terms of the guaranty agreement are clear:
“To: U.S. Home Acceptance Corporation ... To induce you to make advances under wholesale floor plan arrangements or otherwise extend credit to [Manufactured Housing Services, Inc.,] and in consideration of the benefits to accrue to each of us the undersigned (hereinafter ‘Guarantors’) jointly and severally unconditionally guarantee and promise to pay you on demand any and all indebtedness of [Manufactured Housing Services, Inc.,] as may be owing to you.... Execution by individual Guarantors /s/ Peggy Mathews Huffaker, Guarantor ... /s/ Stephen D. Huffaker, Guarantor_”
The Huffakers have shown no basis on which resort to Pennsylvania law might be required in order to enforce their unambiguous commitment to U.S. Home.
The Huffakers argue no basis for affirming the judgment other than their mistaken assumption that the mere introduction of the contract required U.S. Home to prove Pennsylvania law. No reference to Pennsylvania law is required to apply the plain terms of the guaranty contract, and U.S. Home’s evidence established a prima facie case of its entitlement to recover from the Huffakers on their guaranties. If the Huf-fakers are aware of a principle of Pennsylvania law that would defeat recovery, they can, on remand, give notice, as required by Rule 44.1, and raise an issue of Pennsylvania law. On remand, the trial court must also determine whether U.S. Home is entitled to receive a reasonable attorney fee according to the contracts, and, if so, the amount.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.